HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRAYS HARBOR ADVENTIST CHRISTIAN SCHOOL, a Washington non-profit organization; GREG G. BOGDANOVICH, an individual; and MARY LAFOREST, an individual, on behalf of themselves and all others similarly situated, <br><br> PlaintiffS, <br><br> v. <br><br> CARRIER CORPORATION, a Delaware corporation, <br><br> Defendant. | Case No. C05-5437 RBL <br><br> STIPULATED PROTECTIVE ORDER |

This matter having come before the Court pursuant to the agreement of the parties, and the Court finding as follows:

**GOOD CAUSE FINDINGS**

The parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other party or parties certain asserted confidential and proprietary information, but each wishes to ensure that such information shall not be used for any purpose other than this action, and shall not be made public by another party, or be otherwise used or disseminated by another party, beyond the extent

ORDER
Page - 1

necessary for purposes of this action. In addition, the parties contemplate that confidential information may be produced by a non-party or non-parties. The parties therefore seek to facilitate the production and protection of such information. Documents that are to be protected under this Stipulated Protective Order are alleged to contain confidential information including research, development, financial, personal and/or commercial information that is valuable. In this case, the "good cause" for keeping these documents confidential includes the need to preserve the disclosing entity's current and/or future competitive advantage, the need to facilitate discovery and to provide a mechanism for protecting information the disclosing party deems confidential, subject to the review and challenge provisions noted below, and the need to protect the parties from undue annoyance, embarrassment or oppression, and thereby avoid specific prejudice or harm to the disclosing party.

**ORDER**

Pursuant to Fed. R. Civ. P. 26(c), and good cause existing as reflected above, the Court ORDERS that the following procedures shall be used in this action for the protection against the improper disclosure or use of confidential information produced in discovery or filed with the Court:

Certain depositions, documents, information, or things produced in response to any discovery taken pursuant to the Federal Rules of Civil Procedure during the course of this matter (the "Litigation") may be designated "Confidential" (hereinafter "Confidential Information"). The assessment of whether and/or the extent to which information qualifies as "Confidential Information" for the purposes of this Order shall be determined pursuant to Federal Rule of Civil Procedure 26.

**I. DEFINITION OF CONFIDENTIAL INFORMATION**

"Confidential Information" shall mean information, recorded, stored, or maintained for any reason in any medium, including but not limited to print, electronic, or digital, that the party designating the information as confidential (the "Designating Party") reasonably believes to fall within the following definition:

1. Proprietary, commercial, financial or client information, which is defined as:

    a. "Trade secret," as set forth in the Washington Trade Secrets Act, RCW 19.108.010, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

        (i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

        (ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

    b. Research, development, commercial or financial information that is of a competitively sensitive nature and that a reasonably prudent business person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which would likely cause proprietary, competitive, or economic harm to the disclosing party or entity.

    c. Personal information where disclosure of that information would violate that person's privacy. A "person" shall include any natural person and, where relevant, a corporation, joint stock association, or an unincorporated association. The standard for determining whether a person's privacy would be violated shall be based on the standard set forth in the Washington Public Disclosure Act, RCW 42.17.255, as follows:

> A person's "right to privacy," "right of privacy," "privacy," or "personal privacy," is invaded or violated if disclosure of information about the person: (1) would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public.

Notwithstanding any other provision in this Protective Order, the Order shall not apply to information that is publicly available. Confidential Information shall be used and disclosed only in the above-captioned case. No person afforded access to Confidential Information shall use or disclose Confidential Information for the purpose of business or competition or for any purpose other than this litigation.

## II. DESIGNATION OF CONFIDENTIAL INFORMATION

Each party or non-party that designates information, materials or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard. A Designating Party must take care to designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate or routinized designations are prohibited.

All Confidential Information or any document containing Confidential Information shall be designated by marking the word "Confidential" on each page of the Confidential Information or, in the case of Interrogatories, on each Interrogatory Answer containing Confidential Information. All documents designated as "Confidential" shall be subject to the provisions of this Protective Order.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend Confidential at the top of each page that contains Confidential Information.

Deposition testimony that a Designating Party reasonably believes will contain Confidential Information shall only be taken in front of persons entitled to access such information pursuant to this Order. Portions of Confidential testimony may be designated as Confidential by the Designating Party by making an appropriate statement on the record before the close of the deposition, in which case the reporter shall stamp or write "contains Confidential Information" at the top of each page containing Confidential Information. Transcript pages containing Confidential Information must be separately bound by the Court Reporter. Deposition testimony so designated shall be treated as Confidential Information within the terms of this Protective Order.

Any party seeking to use information designated as Confidential during a deposition shall seek the deponent's agreement on the record to abide by the terms of this Order. If the deponent refuses to assent, no Confidential Information shall be disclosed to the deponent.

The failure to designate all or a portion of the record as confidential shall not preclude a party from so designating all or a portion of the transcript as confidential within fifteen (15) calendar days following receipt by the deponent and the parties of the entire deposition transcript. During this period, a party may notify the other parties in writing that the deposition testimony includes confidential testimony. The party claiming confidentiality shall designate specific portions of the transcript and any exhibits as confidential and shall give written notice to opposing counsel of the specific portions of transcripts and specific exhibits which have been designated as confidential. Only such designated portions and exhibits shall be confidential at the expiration of the 15-day period.

### III. ACCESS TO CONFIDENTIAL INFORMATION

Documents and testimony designated as "Confidential," including all information derived therefrom, shall not be disclosed to or used by anyone except the following persons, unless otherwise expressly permitted by this Protective Order. Counsel for the parties may agree upon and stipulate to the addition of other persons or categories of persons to this list.

1.  The Court, including any personnel assisting the Court, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action;

2.  The Defendant, and the named putative class representative plaintiffs, (and if a class is certified, then the named class representatives) and their respective counsel, including paralegal, clerical, and secretarial employees of counsel of record;

3.  Mediators or litigation support services, including outside copying services retained by a party to assist that party in this action, provided such persons agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A, prior to the disclosure of Confidential Information to them;

4.  Individuals whom counsel reasonably believes to be potential lay witnesses with a need to receive the Confidential Information, provided such persons agree in writing to abide by

and be bound by the terms of this Order in the form attached hereto as Exhibit A, prior to the disclosure of Confidential Information to them;

5. Persons retained or associated by any party for the purposes of furnishing consulting legal services in this matter, provided such persons agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A, prior to the disclosure of Confidential Information to them;

6. Persons retained or associated by any party for the purposes of furnishing consulting expert services or for giving expert testimony in this matter, provided such persons agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A, prior to the disclosure of Confidential Information to them; and further provided that prior to the first disclosure of Confidential Information to such persons, Counsel who has retained the consultant or expert will make good faith inquiry to determine if the consultant or expert is currently retained or employed by a company that manufactures residential furnaces.  If the consultant or expert is currently so retained or employed, counsel will:  (1) notify the producing party of the identity of the employing or retaining company and the documents counsel who has retained the consultant or expert intends to disclose to him or her; and (2) refrain from disclosing any Confidential Information to the consultant or expert for five court days after giving the producing party such notice in order to provide the producing party sufficient time to seek an order precluding the disclosure. The burden of persuasion in any such proceeding shall be on the Designating Party. If a motion is filed, the Confidential Information will not be disclosed to the consultant or expert until the Court has ruled.  If no motion is filed, the Confidential Information may be disclosed to the consultant or expert, in keeping with the provisions of this Order;

7. Any person who is an author, original source of information, addressee, or intended recipient of, or who previously had access to, the Confidential Information;

8. Deposition witnesses who first agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A;

9. Any other person as to whom the party that designated the document or information as Confidential has consented to disclosure in advance; and

10. Any other person authorized by the Court.

11. Duly executed copies of Exhibit A shall be provided to opposing counsel as soon as reasonably practicable for all other persons.

### IV.   PRESERVATION OF CONFIDENTIAL INFORMATION

Each party to this Protective Order shall take reasonable measures in storing documents and testimony designated as Confidential to limit access to those persons who are authorized under the terms of this Order to inspect, review, or receive such information.

If any party to this Protective Order becomes aware that Confidential Information has been disclosed to any person other than those identified in this Order, that party shall give notice to counsel for the Designating Party, and without prejudice to any other rights or remedies of the parties, make every effort to prevent further disclosure by it or the person who received the Confidential Information.

### V.   INADVERTENT DISCLOSURE

If any party inadvertently produces or discloses any Confidential Information without marking it with the appropriate legend, that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) business days of the receipt of substitute copies, and upon request, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality so long as such designation shall be made within sixty (60) days of the inadvertent production or disclosure by the party making the inadvertent disclosure.

ORDER
Page - 7

## VI.  CHALLENGES TO CONFIDENTIAL DESIGNATIONS

Any party shall have the right to challenge (a "Challenging Party") any designation of confidentiality with respect to any information or documents designated as Confidential.  A Challenging Party shall notify the Designating Party and request a written release of Confidential treatment of the information (the "Notification").  If a written release is not provided within ten (10) business days after the Notification, the information shall continue to be treated as confidential pursuant to the terms of this Agreement until and unless otherwise ordered by the Court.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

## VII.  EFFORTS BY NON-PARTIES TO OBTAIN CONFIDENTIAL INFORMATION

If any party has obtained Confidential Information under the terms of this Protective Order and receives a subpoena or other compulsory process commanding the production of Confidential Information, the party shall promptly notify the Designating Party.  The parties will not object to the Designating Party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.  The Designating Party shall bear the burdens and expenses of seeking protection in that court of its confidential material and nothing in this Order should be construed as authorizing or encouraging the Receiving Party to disobey a lawful directive from another court.

## VIII.  STATUS OF CONFIDENTIAL INFORMATION AT HEARING OR TRIAL

If a party wishes to use Confidential Information to support a dispositive motion or at trial, the party submitting the materials:

1. If seeking to have the record containing such information sealed, shall submit to the Court a motion to seal pursuant to GR 15(c)(2)(B).

2. If not seeking to have the record containing such information sealed and not the sole

Page - 8

Designating Party shall comply with either of the following requirements:

a. At least ten (10) business days prior to the filing or use of the Confidential Information, the submitting party shall give notice to all other parties that designated the materials as Confidential Information pursuant to this Protective Order, of the submitting party's intention to file or use the Confidential Information, including specific identification (by reference to Bates number or other identifier) of the Confidential Information. Any affected party may then file a motion to seal, pursuant to GR 15(c)(2)(B), or

b. At the time of filing or desiring to use the Confidential Information, the submitting party shall submit the materials pursuant to the following procedure: (i) the document(s) containing Confidential Information shall be put in a sealed envelope, sealed in the envelope, and provided to the Court; (ii) the envelope must be labeled "CONDITIONALLY UNDER SEAL;" and (iii) the party submitting the document(s) must affix to the envelope a cover sheet that contains the case caption and states that the enclosed record is subject to a motion to file the record under seal. Any affected party or non-party may then file a motion to seal, pursuant to GR 15(c)(2)(B), within ten (10) business days after the document(s) are provided to the Court. Such document(s) will not be filed with the Clerk of Court until the Court rules on the motion to seal. If no party or non-party files a motion to seal, the document(s) will be filed, unsealed, after the expiration of ten (10) business days.

### IX. PROCEDURES UPON TERMINATION OF ACTION

Within sixty (60) calendar days following any settlement and the running of any applicable time to appeal the final order entered in the Litigation, all parties shall return to the person who produced such materials all copies of all Confidential Information obtained through discovery in this action or certify in writing that all such documents have been destroyed.

### X. CONTINUING JURISDICTION

All provisions of this Protective Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or order of the Court. The Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

## XI.  MODIFICATION

This Protective Order may be modified by further order of the Court, for good cause shown, including, but not limited to the extent that a need arises to restrict the disclosure of specific information to counsel for the receiving party. The burden of persuasion for modifying this Protective Order shall rest with the party seeking the modification.

## XII.  NON-WAIVER

Neither the provisions of this Protective Order nor any disclosure by any party pursuant to this Protective Order, including to the extent that a specific need arises to restrict information to attorneys eyes only shall constitute a waiver, at any time or in any other litigation, of any objection as to attorney-client or work product privilege, relevance, over-breadth, burdensomeness, or other grounds for not producing material called for, and access to such materials shall only be as provided by the discovery rules and other applicable law.

Dated this 22nd day of December, 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

It is so stipulated:

| TOUSLEY BRAIN STEPHENS PLLC | WILSON SMITH COCHRAN & DICKERSON |
|---|---|
| By: /s/ Nancy A. Pacharzina | By: /s/John M. Silk |
| Kim D. Stephens, WSBA #11984 | Dennis Smith, WSBA #5822 |
| kstephens@tousley.com | smithd@wscd.com |
| Nancy A. Pacharzina, WSBA #25946 | John M. Silk, WSBA #15035 |
| npacharzina@tousley.com | silk@wscd.com |
| 1700 Seventh Avenue, Suite 2200 | 1215 Fourth Avenue, Suite 1700 |
| Seattle, Washington 98101-1332 | Seattle, Washington 98161-1010 |
| Telephone: 206.682.5600 | Telephone: 206.623.4100 |

*Attorneys for Defendant*

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    Jonathan D. Selbin
    jselbin@lchb.com
    780 Third Avenue, 48th Floor
    New York, New York 10017
    Telephone: 212.355.9500

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    Lori E. Andrus
    landrus@lchb.com
    H. John Gutierrez
    higutierrez@lchb.com
    275 Battery Street, 30th Floor
    San Francisco, California 94111
    Telephone: 415.956.1000

EDWARDS & HAGEN P.S.
    David L. Edwards
    dave@ehlaw.net
    110 West Market, Suite 202
    P.O. Box 2016
    Aberdeen, WA 98520
    Telephone: 360.532.6210

*Attorneys for Plaintiffs and the Class*

# EXHIBIT A
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| GRAYS HARBOR ADVENTIST CHRISTIAN SCHOOL, a Washington non-profit organization, GREG G. BOGDANOVICH, an individual, and MARY LAFOREST, an individual, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CARRIER CORPORATION, a Delaware corporation,<br>Defendant. | Case No. 3:05-cv-05437-RBL<br><br>CERTIFICATION OF ADHERENCE TO PROTECTIVE ORDER |

## CERTIFICATION

I acknowledge that I, _____ (Name), of _____ (Place and Position of Employment), am about to receive Confidential Information supplied by _____ (Party). I certify that I understand that such Confidential Information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER of _____, 2005, in *Grays Harbor Adventist Christian School, et al. v. Carrier Corporation,* Civil Action No. 2:05-CV-5437RBL in the U.S. District Court for the Western District of Washington. I further represent that I have received a copy of and have read and understand that PROTECTIVE ORDER and that I agree to comply with and to be bound by all of its applicable terms. I also understand that documents and/or information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information. I further understand that the Confidential Information provided to me shall be returned to counsel who provided the information to me, in accordance with the PROTECTIVE ORDER.

ORDER
Page - 12

I understand and acknowledge that violation of this Certification or the PROTECTIVE ORDER may be punishable by Contempt of Court.

_____     _____
Date                                                         Signature

Print Name:_____