1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

GRAYS HARBOR ADVENTIST
CHRISTIAN SCHOOL, a Washington non-
profit organization; GREG G.
BOGDANOVICH, and individual; and
MARY LAFOREST, an individual, on behalf
of themselves and all others similarly situated,

Case No. 05-05437 RBL

11

12

13

14

Plaintiffs,

ORDER GRANTING PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION

15

v.

16

17

CARRIER CORPORATION, a Delaware
corporation,

18

Defendant.

19

20

        THIS MATTER comes before the Court on Plaintiffs' Motion for Class Certification [Dkt. # 41]. The

Court has considered the pleadings filed in support of and in opposition to the motion. The Court has also

21

considered the oral argument on the motion for class certification heard on April 10, 2007.

22

## BACKGROUND

23

    Plaintiffs seek certification of the following class:

24

    All individuals and entities in the state of Washington who currently own Carrier 90% high-

25

    efficiency condensing furnaces manufactured after January 1, 1989, and equipped with

26

    polypropylene-laminated secondary heat exchangers ("PPL-CHXs"), and former owners of such

27

    furnaces in the state of Washington whose furnaces experienced CHX failure.

28

Plaintiffs' Letter Amending Putative Class [Dkt. #96].

1    Plaintiffs base their request for class certification on the theory that Carrier Corp. ("Carrier") concealed

2  a known defect in its high-efficiency condensing furnaces. (Plaintiffs' Br. 1 [Dkt. #41].) Plaintiffs specifically

3  allege that "Carrier knew or should have known from its own testing and research that the CHXs are inferior

4  and destined to fail prematurely." *Id.*

5    Plaintiffs assert four causes of action which include: (1) actionable misrepresentation; (2) violation of

6  the Washington Consumer Protection Act, RCW 19.86 *et seq.*; (3) unjust enrichment; and (4) breach of express

7  warranty. The only question to be answered today is whether Plaintiffs' action is maintainable as a class action.

8                                  **DISCUSSION**

9    A party seeking to certify a class must demonstrate that it has met all four requirements of Federal

10 Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). *Amchem Prods., Inc. v.*

11 *Windsor*, 521 U.S. 591, 614 (1997). Rule 23(a) states that a court may certify a class only if (1) the class is

12 so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to

13 the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the

14 class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R.

15 Civ. P. 23(a). In other words, the class must satisfy the requirements of numerosity, commonality,

16 typicality, and adequacy.

17    Rule 23(b) provides for the maintenance of several different types of class actions. Fed. R. Civ. P.

18 23(b). Plaintiffs seek to certify the proposed class under 23(b)(3). A class can be certified under this rule if

19 a court finds both that common questions of law or fact "predominate" over individual questions and that

20 "a class action is superior to other available methods for the fair and efficient adjudication of the

21 controversy." Fed. R. Civ. P. 23(b)(3).

22    In determining whether to certify a class, a district court must conduct a "rigorous analysis" of the

23 moving party's claims to examine whether the requirements of Rule 23 are met. *Gen. Tel. Co. of the Sw. v.*

24 *Falcon*, 457 U.S. 147, 161 (1982). Although the court may consider evidence relating to the merits if that

25 evidence also goes to the requirements of Rule 23, *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th

26 Cir. 1992), the court is not at liberty to consider whether the moving party has stated a cause of action or is

27 likely to prevail on the merits. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). The court has

28 broad discretion to certify the class if the moving party has met its burden of proof. *Doninger v. Pac. Nw.*

1  *Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977).

2  A. Rule 23(a) Requirements

3  1. *Numerosity*

4  A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P.

5  23(a)(1). Two factors to be considered are size and class members' reluctance to sue individually. *Jordan*

6  *v. Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982).

7  Plaintiffs estimate that there are thousands of individuals in the proposed class, when a number far smaller

8  has sufficed in many cases. *See Id.* at 1319 n. 10. Plaintiffs also point out that the individual members will

9  be reluctant to sue individually because of the relatively small financial damage. The Court concludes that

10 the Plaintiffs have met the "numerosity" requirement.

11 2. *Commonality*

12 Rule 23(a)(2) requires that common questions of law or fact exist among class members. Fed. R.

13 Civ. P. 23(a)(2). "Rule 23(a)(2) has been construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d

14 1011, 1019 (9th Cir. 1998). A class may be certified where class members have shared legal issues but

15 divergent facts or, alternatively, where they have a common nucleus of facts but seek relief under different

16 legal theories. *Id.* The courts have treated the requirement of Rule23(a)(2) as a "minimal" hurdle. *Id.* at

17 1020.

18 Plaintiffs clearly meet this minimal commonality requirement. Questions common to the class

19 include: (1) whether the CHXs were defective; (2) whether Carrier knew or should have known about that

20 defect; (3) whether Carrier had a duty to disclose that defect; (4) whether Carrier concealed that defect

21 from the class; (5) whether the facts that were allegedly not disclosed were material; and (6) whether the

22 alleged failure to disclose violated the WCPA. The important question of this case is not whether common

23 issues exist, but whether they predominate. The Court addresses the predominance of common issues in

24 section B.1. below, which discusses the requirements of 23(b)(3). The Court does find that Plaintiffs have

25 satisfied the "commonality" requirement.

26

27 3. *Typicality*

28 Typicality is fulfilled if "the claims or defenses of the representative parties are typical of the claims

or defenses of the class." Fed. R. Civ. P. 23(a)(3). In the Ninth Circuit, "[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon*, 976 F.2d at 508 (internal citation omitted).

The Court finds that Plaintiffs have asserted claims which are typical of the other class members' claims, in that each class member (1) owns or owned a Carrier high-efficiency furnace, (2) alleges that Carrier concealed a known defect in the CHX, and (3) allegedly suffers injury from a defective furnace that will fail prematurely. Moreover, "the typicality requirement is satisfied because the named [P]laintiffs and the members of the proposed class all have claims arising from the [same] fraudulent scheme." *Chamberlan v. Ford Motor Co.*, 223 F.R.D. 524, 526 (N.D. Cal. 2004), *aff'd*, 402 F.3d 952 (9th Cir. 2005) (internal citations omitted). The Court determines that the "typicality" requirement is satisfied.

### 4. *Adequacy*

Under Rule 23(a)(4), plaintiffs seeking to represent a class must be able to "fairly and adequately protect the interests" of all class members. Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. The representative Plaintiffs seek relief identical to that which is sought by the remainder of the class. As such, any potential for conflicting interests in this action is obviated. Based on would-be class counsel's declarations and the litigation to this point, the Court is satisfied that class counsel has sufficient experience, and that counsel will pursue the action vigorously. The Court determines that named Plaintiffs and their counsel will fairly and adequately represent the class.

### B. Rule 23(b)(3) Requirements

Plaintiffs seek to certify the class under Rule 23(b)(3), which allows class certification if two conditions are satisfied in addition to the Rule 23(a) prerequisites: "common questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Id.* at 1022 (quoting Fed. R. Civ. P. 23(b)(3)).

### 1. *Predominance*

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 616. The commonality requirements under this Rule are more rigorous than those required for "commonality" under 23(a)(2). *Hanlon*, 150 F.3d at 1022.

Common questions predominate here. One common question is whether Carrier's furnaces are defective by design, regardless of any individual factors such as installation, maintenance, or type of fuel used. Another core issue is whether and when Carrier knew about the defect, and whether it had a duty to disclose that fact to consumers. In fact, the list of common questions from Plaintiffs' complaint and Section A.2. above nearly mimics the set of common questions upheld by the Ninth Circuit in *Chamberlan*, 402 F.3d at 962. The *Chamberlan* case guides this Court's finding that common questions predominate over individual questions.

The parties also argue whether reliance is a necessary element for the alleged fraud. Reliance raises individual issues such as credibility and state of mind; therefore, class certification is generally inappropriate where reliance is an issue. *See, e.g., Basic Inc. v. Levinson*, 485 U.S. 224, 242 (1988); *Binder v. Gillespie*, 184 F.3d 1059, 1064 (9th Cir. 1999); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672 (S.D. Cal. 1999); *Pickett v. Holland America Line-Westours, Inc.*, 145 Wash.2d 178 (2001). One way to overcome the individual nature of reliance is through a presumption of reliance, otherwise common

questions are unlikely to predominate over individual ones. *Binder*, 184 F.3d at 1063. A presumption of reliance is appropriate in fraud cases such as this one, where Plaintiffs have *primarily* alleged omissions, even though the Plaintiffs allege a mix of misstatements and omissions. *Id.* at 1064. Proof of the omissions will *not* be based upon information each class member received about the furnaces, but on what Carrier allegedly concealed in light of what consumers reasonably expect. Thus, this rule appears applicable to the current CPA fraud claim, just as it was in the Securities and Bankruptcy cases in which it has already been applied.

Class certification, under Rule 23(b)(3), is also not precluded by the need to address individual statute of limitations defenses. *Arthur Young & Co. v. U.S. Dist. Court*, 549 F.2d 686, 696 (9th Cir. 1977). That Court determined that it was not error to certify the class and separate out the statute of limitations issues for individual adjudication at the end of trial. *Id.* Similarly, "damage issues do not, as a rule, defeat class certification." *Id.* Damages in this case are bound to be of roughly the same magnitude for each class member, where the class will be seeking recompense for either repair costs or replacement of their furnaces. None of the potentially individualized issues above preclude the Court's finding that common questions predominate over individual ones.

### 2. *Superiority*

Rule 23(b)(3) also requires that class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The relevant factors included in the rule are: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. *Id.*

Class resolution is superior in this case. The nature of the claim in this case implies that most of the class members are not even aware that they have potentially suffered from an injury by way of an alleged fraud. Thus, there is little to suggest that individual members want to control the litigation. Moreover, each claim is for a relatively small amount in relation to the cost of litigating such claim. Therefore, the desire to control the lawsuit would most likely be small if the class members even knew about their potential claims.

Although there is ongoing litigation in other jurisdictions with regard to Carrier furnaces, certification of a Washington class is unaffected by the class actions commenced in these other jurisdictions because they do not include the Washington residents.

Furthermore, it is desirable to litigate the claims of this case in Washington state, where all named Plaintiffs and class members reside or resided.

Other than the possibility of bifurcating damages or statute of limitations issues at trial, there does not appear to be any overwhelming management difficulty for the proposed class action. On the contrary, this action might resolve an alleged controversy affecting tens of thousands of otherwise unknowing furnace consumers. Without class certification, other Carrier consumers may eventually threaten to burden the courts, should the named Plaintiffs prevail on their claims. With the possibility of recovering attorney's fees and treble damages, the possibility of individual lawsuits is probable. This Court finds that a class action is the superior method for adjudication of the controversy. The Court finds that a class action is maintainable under Rule 23(b)(3).

## CONCLUSION

The Court determines that all of the requirements for certification of the proposed class have been met. The class is numerous, common questions predominate, the named Plaintiffs' claims are typical of those of the class, class-wide resolution is superior to other available methods of resolution, and the named Plaintiffs and their counsel will adequately represent the class.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

For the reasons stated above, the Court GRANTS Plaintiffs' Motion for Class Certification [Dkt. # 41] and certifies the above referenced class under provision (b)(3) of Rule 23.

IT IS SO ORDERED.

DATED this 1st day of May, 2007.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE