1

THE HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10

GRAYS HARBOR ADVENTIST
11 CHRISTIAN CHURCH, a Washington non-        Case No. C05-5437 RBL
profit organization, et al.,

12                      Plaintiffs,            ORDER DENYING PLAINTIFFS'
                                              MOTION TO EXCLUDE EXPERT
13           v.                               TESTIMONY

14 CARRIER CORPORATION, a Delaware
corporation
15

16                      Defendant.

17
        This matter comes before the Court on Plaintiffs' Motion to Exclude Expert Testimony [Dkt.
18
#104].  The court has considered the Motion (and supporting Declaration and exhibits) [Dkt. #s 104, 106],
19
as well as Defendant Carrier Corporation's Response (including Declarations and exhibits) [Dkt. #s 119-
20
21], Plaintiffs' Reply [Dkt. # 125], and the file herein.  For the reasons explained below, the Court
21
DENIES this motion.
22
                                      BACKGROUND
23
        The deadline for initial expert disclosures was April 3, 2007.  The deadline for rebuttal expert
24
disclosures was May 3, 2007.  The Court required the respective disclosures to be concurrent in
25
accordance with Fed. R. Civ. P. 26.  Stipulation and Order Extending Discovery Deadlines [Dkt. #82].
26
Plaintiffs timely served Carrier with initial expert disclosures on April 3, 2007; Carrier made no such
27
disclosure.  In response to Plaintiffs' letter to Carrier's Counsel dated April 6, 2007, Ex. F to Pacharzina
28
Decl. [Dkt. #106], Carrier stated that it would "provide reports for experts whose testimony is intended to

ORDER
Page - 1

1  'contradict or rebut evidence on the same subject matter' identified by Plaintiffs within 30 days of the

2  disclosure made by Plaintiffs, as required by Rule 26(a)(2)."[1]  Ex. G to Pacharzina Decl. [Dkt. #106].

3  Carrier served Plaintiffs with expert reports on May 3, 2007, claiming that Carrier's expert reports

4  "'contradict or rebut' the opinions and theories of plaintiffs' experts 'on the same subject matter' on which

5  the plaintiffs bear the burden of proof."  Carrier's Response [Dkt. #119] at 1-2.  Claiming that Carrier's

6  expert reports do not directly respond to specific points in Plaintiffs' expert testimony but offered a

7  separate and distinct analysis outside the scope of the initial expert reports, Plaintiffs contend that Carrier's

8  reports are not rebuttal reports but are, in fact, initial expert reports.  Pl.'s Mot. [Dkt. #104].  Therefore,

9  Plaintiffs argue that in the consideration of fairness the Court should exclude Carrier's reports for being

10  served unjustifiably late in violation of Fed. R. Civ. P. 37(c)(1)[2].  Pl.'s Reply [Dkt. #125] at 3-4.  As an

11  alternative to exclusion, Plaintiffs suggest that the Court allow Plaintiffs to supplement their expert

12  disclosures and put on expert evidence at trial to rebut Carrier's reports.  *Id.* at 2.

DISCUSSION

14      The purpose of the expert disclosure procedure in Fed. R. Civ. P. 26(a)(2) is to "prevent unfair

15  surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in

16  advance of trial, and to prepare for depositions and cross-examinations at trial."  *Minebea Co., Ltd. v.*

17  *Papst*, 231 F.R.D. 3 5-6 (D.D.C. 2005).  Where a party fails to meet the requirements of Fed. R. Civ. P.

18  26(a)(2), the district courts have wide latitude in imposing sanctions under Fed. R. Civ. P. 37(c)(1).  *Yeti*

19  *by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1006 (9th Cir. 2001); *see also Harris v. United*

20  *States*, 143 Fed. Appx. 183, 185 (9th Cir. 2005).  Ninth Circuit courts have utilized a five-factor test to

21  determine whether sanctions are proper, analyzing:  1) the public's interest in expeditious resolution of

---

[1]Fed. R. Civ. P. 26(a)(2)(c) states in pertinent part:
These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

[2]Fed. R. Civ. P. 37(c)(1) states in pertinent part:
A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

ORDER
Page - 2

1  litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public

2  policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions.  *Wendt*

3  *v. Host Intern., Inc.*, 125 F.3d 806, 814 (9 th Cir. 1997) (citing *Wanderer v. Johnston*, 910 F.2d 652, 656

4  (9th Cir. 1990)).

5        Consideration of the public policy favoring disposition of cases on their merits (cited in Carrier's

6  Response [Dkt. #119] at 11) and the availability of a less drastic sanction in the form of allowing Plaintiffs

7  to rebut (cited in Pl.'s Reply [Dkt. #125] at 2) in the present case, the Court concludes that excluding

8  Carrier's expert testimony would be a drastic remedy.  The Court therefore DENIES Plaintiffs' Motion to

9  Exclude Expert Testimony [Dkt. #104], noting that Plaintiffs will be provided the opportunity to

10  supplement their expert disclosures and put on expert evidence at trial to rebut Carrier's expert reports.

11                            \*\*\*

12        IT IS SO ORDERED.

13        DATED this 11th day of June, 2007.

14

15

16

17                          RONALD B. LEIGHTON

18                          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28