THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRAYS HARBOR ADVENTIST CHRISTIAN SCHOOL, a Washington non-profit organization; GREG G. BOGDANOVICH, an individual; MARY LAFOREST, an individual, and BRUCE KELLY, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARRIER CORPORATION, a Delaware corporation,<br><br>Defendant. | NO.  C05-05437 RBL<br><br>**FIRST AMENDED COMPLAINT — CLASS ACTION FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**<br><br>**JURY DEMAND** |

## I.  INTRODUCTION

1.1     Plaintiffs Grays Harbor Adventist Christian School (the "School"), Greg Bogdanovich, Mary LaForest and Bruce Kelly bring this action on behalf of themselves and all similarly situated individuals and entities who own or owned high-efficiency condensing furnaces manufactured by Carrier Corporation ("Carrier").

1.2     These furnaces contain defective secondary heat exchangers that prematurely fail damaging other components of the furnace.

FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
625624.1                                      - 1 -

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1.3     Defendant Carrier has been manufacturing, warranting, advertising, and selling to Washington consumers furnaces it knew or should have known were defective since approximately 1985.  The furnaces are marketed under the brand names "Carrier," "Bryant," and "Payne."

## II.  PARTIES

2.1     Plaintiff Grays Harbor Adventist Christian School is a Washington non-profit organization that resides in Grays Harbor County, Washington.  The School purchased six high-efficiency condensing furnaces manufactured by Carrier in 1996.  At least one of the furnaces is inoperable due to failure of the secondary heat exchanger.  The presence of rust in the condensate indicates the secondary heat exchangers in the other five are failing as well.  The School has incurred diagnostic and repair costs as a result of a defect in the heat exchangers.

2.2     Plaintiff Greg Bogdanovich is a Washington citizen who resides in Grays Harbor County, Washington.  Mr. Bogdanovich purchased a Carrier high-efficiency furnace in the early 1990s.  The secondary heat exchanger soon failed.  He paid repair costs associated with replacing the defective heat exchanger.  The replacement secondary heat exchanger is now also failing.  He has paid diagnostic and repair costs associated with this second failure.

2.3     Plaintiff Mary LaForest is a Washington citizen who resides in Grays Harbor County, Washington.  Ms. LaForest purchased a Bryant high-efficiency furnace in the mid-1990s.  The secondary heat exchanger failed.  She paid repair costs associated with replacing the defective heat exchanger.  The replacement secondary heat exchanger is now also failing.  She has paid diagnostic and repair costs associated with this second failure.

2.4     Plaintiff Bruce Kelly is a Washington citizen who resides in King County, Washington.  Mr. Kelly purchased his home in Lake Forest Park, Washington, in 1996.  With his home, Mr. Kelly purchased a Carrier high-efficiency condensing furnace that had been installed on or about February 14, 1992.  After only a few years of operation, the secondary

FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
25624.1                                          - 2 -

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    heat exchanger failed in 1995, and the previous owner was forced to replace it with a new

2    secondary heat exchanger part.  Despite installation of the new part, just over eleven years later,

3    Mr. Kelly was also forced to replace the secondary heat exchanger when it failed again.  During

4    a routine inspection, a technician determined that Mr. Kelly's flue gas contained over 1000

5    ppm of carbon monoxide, well over the 400 ppm safety allowance specified by the American

6    National Standards Institute (ANSI).  Mr. Kelly paid $1,500.00 to replace the secondary heat

7    exchanger in the furnace for the second time.

8         2.5      Defendant Carrier Corporation ("Carrier") is a Delaware corporation

9    headquarted in Connecticut that does business in the state of Washington.  Carrier, operating as

10    Bryant, is the largest furnace manufacturer in the U.S.  It manufactured the high-efficiency

11    condensing furnaces purchased by Plaintiffs and other putative Class Members.

### III.  JURISDICTION

13         3.1      This is a class action.

14         3.2      Members of the proposed plaintiffs' class are citizens of Washington, a state

15    different from the home state of Defendant.

16         3.3      On information and belief, the aggregate claims of individual class members

17    exceed $5,000,000, exclusive of interest and costs.

18         3.4      As such, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

### IV.  VENUE

20         4.1      Defendant, through its business of selling, marketing, and/or warranting its high-

21    efficiency condensing furnaces, has established sufficient contacts in this district such that it is

22    subject to personal jurisdiction here.  Pursuant to 20 U.S.C. § 1391(c), therefore, Defendant is

23    deemed to reside in this district.

24         4.2      In addition, a substantial part of the events or omissions giving rise to these

25    claims and a substantial part of the property that is the subject of this action are situated in this

26    district.

27

FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
625624.1

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

4.3     As such, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## V.  APPLICABLE LAW

5.1     Washington State law applies to all claims in this action.

## VI.  FACTUAL ALLEGATIONS

6.1     High-efficiency condensing (or 90%) furnaces maximize efficiency by employing a second heat exchanger to extract more heat from the hot gases through condensation.  These furnaces are typically more expensive than non-condensing (or 80%) furnaces.

6.2     Carrier has been manufacturing, warranting, advertising, and selling 90% furnaces since the mid- to late 1980s.

6.3     The condensate formed in the secondary heat exchanger of a condensing furnace is acidic, creating a highly corrosive environment.  As such, most such heat exchangers are manufactured out of corrosion-resistant stainless steel, a material more costly than ordinary carbon steel or other engineering metals.

6.4     On information and belief, Carrier, in an effort to reduce costs, manufactured its secondary heat exchangers out of mild steel or other less costly engineering metals.  It then applied a polypropylene laminate ostensibly to protect the corrosion-vulnerable material.

6.5     Both the liner material itself and the manner in which it was placed on the heat exchanger failed in their purpose.

6.6     The resulting corrosion of the heat exchanger introduces solids into the condensate that plug up the system causing condensate to back up into the fan or otherwise leak from the secondary heat exchanger, damaging other components of the furnace and causing a variety of operational problems.

6.7     Recognizing the problem, Carrier has been modifying its design of the secondary heat exchanger used in these furnaces since 1998.  It has changed both the

FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
625624.1                                              - 4 -

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    underlying material of construction, the coating materials used, and the method of applying the
2    coating to the underlying material of construction.

3        6.8    Contrary to the facts, Carrier gave the impression its furnaces were built to last
4    by warranting they were "free from defects in material and workmanship." Carrier specifically
5    warranted the secondary heat exchanger would be "free from defects in material and
6    workmanship" during the lifetime of the original owner.

7        6.9    Carrier's warranty, however, covers only the cost of the heat exchanger. It
8    specifically does not cover the much higher labor costs associated with actually diagnosing and
9    replacing the defective heat exchanger — costs that can range from $500 to $1,500.

10       6.10   Carrier has refused to provide any further relief to its disappointed customers.

## VII. TOLLING

11
12       7.1    Because the defects in the design and/or manufacture of the secondary heat
13    exchanger are not detectable until manifestation of the damage, Plaintiffs and the Class were
14    not reasonably able to discover the problem until long after installation, despite their exercise
15    of due diligence.

16       7.2    Indeed, even after Class members were aware their secondary heat exchangers
17    had failed, or were failing, Defendant prevented them from ascertaining an inherent deficiency
18    was the cause by asserting the problems with Plaintiffs' furnaces were due to faulty installation,
19    improper operation, or local conditions.

20       7.3    Any applicable statutes of limitation have, therefore, been tolled by Defendant's
21    concealment and denial of the facts alleged herein. Further, Defendant is estopped from relying
22    on any statues of limitation because of its concealment of the defective nature of the furnaces.

## VIII. CLASS ACTION ALLEGATIONS

23
24       8.1    Plaintiffs bring this lawsuit as a class action on behalf of themselves and all
25    other Washington residents similarly situated as members of a proposed plaintiff class pursuant

26
27    FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO. C05-05437 RBL]
625624.1                        - 5 -

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1  to CR 23(a) and (b)(3).  This action satisfies the numerosity, commonality, typicality,

2  adequacy, predominance, and superiority requirements of those provisions.

3        8.2     The Class is defined as:

4               All individuals and entities in the state of Washington who
5  currently own Carrier 90% high-efficiency condensing furnaces
manufactured after January 1, 1989, and equipped with
6  polypropylene-laminated secondary heat exchangers ("PPL-
CHXs"), and former owners of such furnaces in the state of
7  Washington whose furnaces experienced CHX failure.  Excluded
from the Class are Defendant, any entity in which Defendant has
8  a controlling interest or which has a controlling interest of
Defendant, and Defendant's legal representatives, assigns and
9  successors.  Also excluded are the judge to whom this case is
assigned and any member of the judge's immediate family.

10        8.3     Claims for personal injury are specifically excluded from the Class.

11        8.4     Although the exact number of Class members is uncertain and can only be

12  ascertained through appropriate discovery, Plaintiffs are informed and reasonably believe the

13  number is great enough such that joinder is impracticable.  The disposition of the claims of

14  these Class members in a single class action will provide substantial benefits to all parties and

15  to the Court.

16        8.5     The claims of the representative Plaintiffs are typical of the claims of the Class

17  in that the representative Plaintiffs, like all Class members, own high-efficiency furnaces

18  manufactured by Carrier in which the secondary heat exchangers have failed and/or are failing

19  prematurely.  The representative Plaintiffs, like all Class members, have been damaged by

20  Defendant's misconduct in that they incurred or will incur the cost of repairing damage caused

21  by the defective heat exchangers and/or prematurely replacing their furnaces.  Furthermore, the

22  factual bases of Defendant's misconduct is common to all Class members and represents a

23  common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all

24  members of the Class.

27  FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
625624.1        - 6 -

8.6     There are numerous questions of law and fact common to Plaintiffs and the Class.  Those questions predominate over any questions that may affect individual Class members, and include the following:

8.6.1    Whether the secondary heat exchangers manufactured by Carrier are defectively designed and/or manufactured such that they are not suitable for their intended use.

8.6.2    Whether Defendant knew or should have known of the inherent design and/or manufacturing defect in its high-efficiency furnaces;

8.6.3    Whether Defendant fraudulently concealed from and/or failed to disclose to Plaintiffs and the Class the inherent problems with its high-efficiency furnaces;

8.6.4    Whether Defendant had a duty to Plaintiffs and the Class to disclose the inherent problems with its high-efficiency furnaces;

8.6.5    Whether the facts concealed and/or not disclosed by Defendant to Plaintiffs and the Class are material facts;

8.6.6    Whether as a result of Defendant's concealment of and/or failure to disclose material facts, Plaintiffs and the Class acted to their detriment by purchasing high-efficiency furnaces manufactured by Defendant;

8.6.7    Whether Defendant breached its express warranty regarding its high-efficiency furnaces' performance;

8.6.8    Whether Defendant failed to adequately warn Plaintiffs and the Class regarding the limitations of its high-efficiency furnaces;

8.6.9    Whether Defendant engaged in unfair competition or unfair deceptive acts or practices when it concealed the limitations and failed to warn Plaintiffs and Class members of the defects in its high-efficiency furnaces;

8.6.10  Whether Defendant's conduct in marketing and selling its high-efficiency furnaces constitutes a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*;

FIRST AMENDED COMPLAINT — CLASS ACTION FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
625624.1

- 7 -

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

8.6.11  Whether Defendant should be declared financially responsible for notifying all Class members of the problems with its high-efficiency furnaces and for the costs and expenses of repair and replacement of all such furnaces;

8.6.12  Whether Defendant's representations regarding its high-efficiency furnaces had a capacity to deceive a substantial portion of the consuming public;

8.6.13  Whether Plaintiffs and the Class are entitled to compensatory, exemplary, and statutory damages, and the amount of such damages; and

8.6.14  Whether Defendant should be ordered to disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of defective high-efficiency furnaces, and/or to make full restitution to Plaintiffs and the members of the Class.

8.7     Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions, and specifically actions involving defective products.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class, and have the financial resources to do so.  Neither Plaintiffs nor their counsel has any interests adverse to those of the Class.

8.8     Plaintiffs and the members of the Class have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most members of the Class likely would find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law.  Because of the relatively small size of the individual Class member's claims, it is likely that only a few Class members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class members will continue to incur damages and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will

FIRST AMENDED COMPLAINT — CLASS ACTION FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION [NO.  C05-05437 RBL]
625624.1                                          - 8 -

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    conserve the resources of the courts and the litigants, and will promote consistency and

2    efficiency of adjudication.

3                              **IX.  FIRST CLAIM FOR RELIEF**
                               **(Actionable Misrepresentation)**
4

5          9.1     Plaintiffs hereby incorporate by reference the allegations contained in the

6    preceding paragraphs of this Complaint.

7          9.2     Defendant knew or should have known its high-efficiency furnaces were

8    defectively designed and/or manufactured, would fail prematurely, were not suitable for their

9    intended use, and otherwise were not as warranted and represented.

10         9.3     Defendant fraudulently, negligently, or recklessly concealed from and/or failed

11   to disclose to Plaintiffs and the Class the defective nature of its high-efficiency furnaces.

12         9.4     Defendant was under a duty to Plaintiffs and the Class to disclose the defective

13   nature of its high-efficiency furnaces because (i) Defendant was in a superior position to know

14   the true state of the facts about the design and/or manufacturing defect in its high-efficiency

15   furnaces because the design and/or manufacturing defect is latent; (ii) Defendant made partial

16   disclosures about the quality of its high-efficiency furnaces without revealing their true

17   defective nature; and (iii) Defendant actively concealed the defective nature of its high-

18   efficiency furnaces from Plaintiffs and the Class.

19         9.5     The facts concealed and/or not disclosed by Defendant to Plaintiffs and the

20   Class are material facts in that a reasonable person would have considered those facts to be

21   important in deciding whether or not to purchase Defendant's high-efficiency furnaces.  Had

22   Plaintiffs and the Class known the defective nature of Defendant's high-efficiency furnaces,

23   they would not have purchased them or would have paid less for them.

24         9.6     Defendant intentionally, recklessly, or negligently concealed and/or failed to

25   disclose the true nature of the design and/or manufacturing defect in its high-efficiency

26   furnaces for the purpose of inducing Plaintiffs and the Class to act thereon, and Plaintiffs and

27

FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
625624.1                                           - 9 -

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

the Class justifiably relied to their detriment upon the truth and completeness of Defendant's representations about its high-efficiency furnaces.  This is evidenced by Plaintiffs' and Class members' purchase of Defendant's high-efficiency furnaces.

9.7     Defendant continued to conceal the defective nature of its high-efficiency furnaces even after members of the Class began to report problems.  Indeed, Defendant continues to cover up and conceal the true nature of the problem.

9.8     As a direct and proximate cause of Defendant's misconduct, Plaintiffs and the Class have suffered actual damages in that (i) the furnaces in their homes and other structures are defectively designed and manufactured, and (ii) the furnaces in their homes or other structures have failed and will continue to fail prematurely, requiring them to expend money to diagnose, repair, and/or replace their secondary heat exchangers, or their furnaces in their entirety.

9.9     As a result of Defendant's misconduct, Plaintiffs and the Class are entitled to compensatory damages, attorneys' fees, costs, and interest thereon.

## X.  SECOND CLAIM FOR RELIEF
### (Violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.*)

10.1     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

10.2     Defendant engaged in unfair or deceptive acts or practices when it: (i) represented its high-efficiency furnaces would last the expected lifetime even though it lacked credible evidence to support those claims and, in fact, had substantial evidence to the contrary; (ii) failed to disclose its knowledge of the defects in the product, but instead continued to advertise it as a product that could be expected to last a lifetime; (iii) failed to disclose the defective nature of its high-efficiency furnaces to Plaintiffs and Class members; and (iv) limited its warranty obligations in an unfair and unconscionable way in light of its

FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
625624.1                                               - 10 -

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1  failure to disclose the true defective nature of its high-efficiency furnaces to Plaintiffs and Class
2  members.

3      10.3    Defendant either knew or should have known its high-efficiency furnaces were
4  defectively designed and/or manufactured, would fail prematurely, were not suitable for their
5  intended use, and otherwise were not as warranted and represented by Defendant.

6      10.4    Defendant's unfair or deceptive acts or practices repeatedly occurred in
7  Defendant's trade or business, and were capable of deceiving a substantial portion of the
8  purchasing public.

9      10.5    As a direct and proximate cause of Defendant's unfair or deceptive acts or
10  practices, Plaintiffs and the Class have suffered actual damages in that they purchased and/or
11  installed in their homes and other structures a product that is defective and that has failed
12  prematurely due to design and/or manufacturing deficiencies and the use of substandard
13  materials.  These failures have caused and will continue to cause Plaintiffs and the Class
14  members to incur expenses diagnosing, repairing, and/or replacing their secondary heat
15  exchangers, or their high-efficiency furnaces in their entirety.

16      10.6    As a result of Defendant's unfair and deceptive practices, Plaintiffs and the
17  Class are entitled to injunctive relief in the form of restitution and/or disgorgement of funds
18  paid to Defendant to purchase their high-efficiency furnaces, or to repair and replace their high-
19  efficiency furnaces, as well as compensatory and treble damages, attorneys' fees, and costs
20  pursuant to RCW 19.86 *et seq.*

21                       **XI.  THIRD CLAIM FOR RELIEF**
22                          **(Unjust Enrichment)**

23      11.1    Plaintiffs hereby incorporate by reference the allegations contained in the
24  preceding paragraphs of this Complaint.

25

26

27  FIRST AMENDED COMPLAINT — CLASS ACTION FOR
   DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
   [NO.  C05-05437 RBL]
   625624.1                        - 11 -

11.2     Defendant received monies as a result of Plaintiffs' and Class members' purchases of its high-efficiency furnaces, and Defendant wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class members.

11.3     Defendant's enrichment at the expense of Plaintiffs and Class members was unjust.

11.4     As a result of Defendant's wrongful conduct, Plaintiffs and the Class are entitled to restitution from and institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant, plus attorneys' fees, costs, and interest thereon.

## XII.  FOURTH CLAIM FOR RELIEF
### (Breach Of Express Warranty)

12.1     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

12.2     Defendant expressly warranted its high-efficiency condensing furnaces as free from defects for at least one full year.  Defendant further expressly warranted its secondary heat exchanger to be free from actual manufacturing defects for the life of the original purchaser, or for 20 years if the furnace was resold.

12.3     Plaintiffs and Class Members justifiably relied upon Defendant's representations and justifiably acted in ignorance of the material facts Defendant omitted and concealed when they decided to purchase condensing furnaces manufactured by Carrier.

12.4     Defendant has breached its express warranty to Plaintiffs and Class Members in that the furnaces were defective from the day they were installed and are destined to fail prematurely.

12.5     Defendant has been on notice of their breach of express warranties by Plaintiffs and Class members through warranty claims previously made.

FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
625624.1                                                    - 12 -

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

12.6     As a direct result of the failure of the secondary heat exchangers to perform as warranted, Plaintiffs and the Class have incurred and will continue to incur expenses to diagnose, repair, and replace their furnaces.

12.7     Any contractual language contained in Defendant's published warranties that attempts to disclaim express warranties or limit remedies is unconscionable, fails to conform to the requirements for limiting warranties on remedies under applicable law, causes the warranties to fail of their essential purpose, and is, thus, unconscionable and void.

## XIII.  RELIEF REQUESTED

Plaintiffs, on behalf of themselves and all others similarly situated, request the Court enter judgment against Defendant, as follows:

13.1     An order certifying the proposed plaintiff Class, designating Plaintiffs as named representatives of the Class, and designating the undersigned as Class Counsel;

13.2     A declaration that Defendant is financially responsible for notifying all Class members of the problems with its high-efficiency furnaces;

13.3     An order enjoining Defendant from further deceptive advertising, marketing, distribution, and sales practices with respect to its high-efficiency furnaces, to cease its warranty claims program, and to remove and replace Plaintiffs' and Class members' high-efficiency furnaces with a suitable alternative product;

13.4     An award to Plaintiffs and the Class of compensatory, exemplary, and statutory damages, including interest thereon, in an amount to be proven at trial;

13.5     A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of its high-efficiency furnaces, or to make full restitution to Plaintiffs and the members of the Class;

13.6     An award of attorneys' fees and costs, as allowed by law;

13.7     An award of pre-judgment and post-judgment interest, as provided by law;

FIRST AMENDED COMPLAINT — CLASS ACTION FOR
DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION
[NO.  C05-05437 RBL]
625624.1                                              - 13 -

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    13.8    For leave to amend the Complaint to conform to the evidence produced at trial;

2  and

3    13.9    Such other or further relief as may be appropriate under the circumstances.

4                        **XIV.  DEMAND FOR JURY TRIAL**

5    14.1    Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all

6  issues in this action so triable of right.

7         DATED this 27th day of July, 2007.

8

9                                LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

10

11                        By:_____/s/ *Jonathan D. Selbin*_____
                                 Jonathan D. Selbin
12                               jselbin@lchb.com
                                 Paulina do Amaral
13                               pdoamaral@lchb.com
                                 Lieff, Cabraser, Heimann & Bernstein, LLP
14                               780 Third Avenue, 48th Floor
                                 New York, NY  10017-2024
15                               Telephone:  (212) 355-9500

16                               LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                 Kristen Law
17                               klaw@lchb.com
                                 H. John Gutierrez
18                               hjgutierrez@lchb.com
                                 Embarcadero Center West
19                               275 Battery Street, 30th Floor
                                 San Francisco, CA  94111-3339
20                               Telephone:  (415) 956-1000

21                               TOUSLEY BRAIN STEPHENS PLLC
                                 Kim D. Stephens, WSBA #11984
22                               kstephens@tousley.com
                                 Nancy A. Pacharzina , WSBA #25946
23                               npacharzina@tousley.com
                                 1700 Seventh Avenue, Suite 2200
24                               Seattle, Washington  98101-1332
                                 Telephone:  (206) 682-5600
25

26                               *Attorneys for Plaintiffs*

27
   FIRST AMENDED COMPLAINT — CLASS ACTION FOR          LIEFF CABRASER HEIMANN & BERNSTEIN LLP
   DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION                      275 Battery Street, 30th Floor
   [NO.  C05-05437 RBL]                                          San Francisco, California 94111-3339
   625624.1                          - 14 -               TEL: 415-956-1000 * FAX: 415-956-1008