05-CV-05437-OBJ

UNITED STAT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| GRAYS HARBOR ADVENTIST CHRISTIAN SCHOOL, a Washington non-profit organization; et al. | : : : : | CASE NO.: 05-05437 RBL |
| Plaintiffs, | : : | |
| v. | : : | Date: April 22, 2008<br>Time: 8:30 a.m. |
| CARRIER CORPORATION, a Delaware Corporation, | : : | Courtroom: B<br>Judge: Ronald B. Leighton |
| Defendants, | : : | |

## OBJECTIONS TO PROPOSED SETTLEMENT OF CLASS ACTION

NOW COMES Marcus Rucker (hereinafter referred to as "Objector") by and through the undersigned counsel, and hereby files these Objections to the Proposed Settlement of this Class Action and, in support thereof, states as follows:

### PROOF OF MEMBERSHIP IN CLASS

Objector Rucker, who resides at 17563 Wildwood Lane Cleveland Ohio 44119 (telephone number (216) 255-0376) lives in a house in which a CHEF is installed and is therefore a member of the Class.

### NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he intends to appear, through the undersigned counsel, at the Fairness Hearing presently scheduled for April 22, 2008 at 9:00 AM in Courtroom B of the Union Station Courthouse, 1717 Pacific Avenue, Tacoma Washington.

FILED _____ LODGED
_____ RECEIVED
MAR 24 2008
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

1

## **OBJECTIONS**

The proposed Class Action Settlement is inadequate, unfair and unreasonable for the following reasons:

### 1. EXCESSIVE ATTORNEYS' FEES

Counsel is requesting Attorneys' Fees of almost Ten Million Dollars ($10,000,000) for their work in this case. They have set forth their arguments and support for their fee request in an "uncontested" motion for a fee award <u>Class Counsel's Memorandum of Points and Authorities in Support of Application for Award of Attorneys Fees and Costs and Service Award to the Named Plaintiffs</u> (hereinafter " <u>Fee Request</u>") at p.1. Although the Defendants may have agreed to the request, the Court should not summarily grant the request because these objectors and possibly others do take issue with it, and do contest the request.

Although they submitted a fee request claiming to have expended over 18,000 hours in pursuing this case, their back-up documentation was severely lacking in detail. The major problem with their request is that it fails to satisfy **THE** fundamental touchstone for the awarding of fees: Is the fee reasonably related to the benefit derived by the Class? This question cannot be answered at this time because the Court does not have in front of it sufficient information upon which to make this determination. An examination of the actual benefit to the Class cannot be completed until after the Court has been advised of (a) the number of claims made by the Class for reimbursement of monies already paid for repairs and the amount paid, and (b) the number of Class Members who take advantage of the enhanced warranty. Although the number of claims

2

and amount paid out will be known in relatively short order, the number of "enhanced warranty claims" will not be known (by definition) for twenty (20) years.

It is a good idea to wait, before awarding attorney fees, to find out how much money is actually paid out to the class. A number of courts are now pursuing this approach to attorney fees. For example, in In Re Excess Value Insurance Coverage Litigation, Case No. M-21-84 (MDL1339), Federal Judge Richard M. Berman waited for the claims process to determine the amount of settlement benefits that would be paid out; upon finding that only a very small percentage of the actual claim fund was ever paid to any class member, he severely reduced attorney fees to less than 20% of the amount of fees that had been requested. In that case, as in many other cases (and potentially in this case), it turned out that the attorney fees requested by class counsel actually exceeded the total amount of benefits paid to class members. The only way to avoid that circumstance in this case is to wait to determine the actual amount of settlement benefits paid out and received by class members. This is not to suggest that all or even most of the fees should be withheld. Class Counsel has worked hard up to this point and should immediately receive the amount of their **true** lodestar without any premium (see following discussion); any premium over lodestar should be deferred until the Court is satisfied that the remainder should be paid out. In addition to Excess Value, this approach has been followed in many other cases. See, for example Lundberg v. Sprint, Case No. 02CV-4551, Wyandotte County (Kansas); In re Wireless Telephone Federal Cost Recovery Fees Litigation, MDL 1559 (W.D. Mo. April 20, 2004), aff'd on other grounds, 922 F.3d 922 (8th Cir. 2005).

Of course, this Court also can set such a condition *sua sponte*, requiring hold-back with a monitoring provision to assure accountability. This common-sense concept has applied successfully in many other class actions. In <u>Richard Duhaime v. John Hancock Mutual Life Insurance Company, et al.</u>, 177 F.R.D. 54 (D.Mass 1997), the federal court withheld 40% of the contemplated fee for a year so the court could review the quality of representation provided by Lead Counsel and the results achieved for the class. Similarly, in <u>Ace Seat Cover Co., Inc., et al. v. The Pacific Life Insurance Company</u>, Case No. 97-CI-00648 (Kenton Cir. Ct. Ky., Nov. 19, 1998), the court ordered 20% of the fees withheld until completion of the settlement agreement. In <u>In re: Prudential Ins. Co. of Am. Sales Practices Litig.</u>, 962 F.Supp. 450 (D.N.J. 1997), aff'd re class certification and settlement but <u>vacated and remanded</u> re attorneys fees, 148 F.3d 283 (3d Cir. 1998), the court ultimately ordered that 50% of the attorney's fees be withheld. Likewise, as recently as April 12, 2007, in <u>In Re: PNC Financial Services Group, Inc. Securities Litigation</u>, Case No. 2:02-cv-00271-DSC (U.S.D.C. W.D. Pa. W.D. filed April 17, 2007), Judge Cercone ordered part of the class counsel's fee withheld pending entry of an order of distribution. As noted in the order, at page 11, the change had been suggested by an objector in that case.

By staggering the fees, Class Counsel can be paid for work that has been done. But Class Counsel cannot get the full benefit of the Settlement until their clients, the Class Members, get the full benefit of the Settlement. Basic, prudent business practices dictate that people should not be paid in full until the job has been completed.

### 2. LODESTAR EMBELLISHMENT

Class Counsel claims that they have a lodestar to date of $8.3 million and are

4

requesting what they refer to as a "modest multiplier of 1.24." Fee Request at 6. However, even a cursory examination of their fee request raises some questions about the lodestar calculations. For example, Lead Counsel Lieff Cabraser, Heimann & Bernstein, LLP has included four (4) "law clerks", more than twenty (20) "paralegal/clerks," and more than a dozen "others" in their lodestar calculations. These persons have indicated billing rates of between $115 and $295/hr. The total amount paid to these persons by Lieff Cabraser was over $800,000. The total amount paid by all counsel to non-attorneys, according to their submitted time sheets was over $1,671,671 and the fee, with multiplier, sought for this non-attorney time is $2,073,000. Some or all of this should more properly be allocated to overhead and should not be included in the lodestar or subject to a multiplier. While Class Counsel may be entitled to reimbursement for **some** of these items, others, like docket clerks and "others" are questionable, at best. These individuals lack the attributes of those for whom a risk multiplier is appropriate, *e.g.* health benefits, insurance, paid vacation and sick leave and a certain amount of job security. Partners and associates will be kept on the payroll whether or not there is a great deal of work to be done. Paralegals, law clerks, docket clerks, and "others" (whatever that includes) have no guarantee of employment beyond the end of each working day.

Of the total claimed lodestar of $6.75 million, at least $1.67 million should properly be categorized as non-reimbursable overhead or expenses and should not be included in lodestar. This leaves a lodestar of $5.08 million. Applying the 1.24 multiplier that Class Counsel has indicated is appropriate, yields a fee of $6.3 million. This is the fee amount that should be awarded by this court. The Court should not award the $2,073,000 sought for the non-attorney time.

3. Objector respectfully adopts and incorporates into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections.

4. Objector has a legally protectable interest in this litigation. That interest will be impacted by the legal fees and expenses that are requested by Class Counsel.

5. These Objections, presented to the Court as a matter of right, are properly and timely filed by this Objector. All of the legally required prerequisites material to these Objections have been met.

WHEREFORE, Objector respectfully requests that this Court:

A. Upon proper hearing, sustain these Objections;

B. Permit Objector to conduct a full range of discovery, including depositions, as to the propriety of these fees and expenses;

C. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the requested attorneys' fees and expenses.

Respectfully submitted,

Edward F. Siegel (Ohio Bar 0012912)
27600 Chagrin Blvd. #340
Cleveland, Ohio   44122
Voice          (216) 831-3424
Facsimile     (216) 831-6584
E-mail efsiegel@efs-law.com

Edward W. Cochran (Ohio Bar 0032942)
20030 Marchmont Rd.
Cleveland Ohio 44122
Voice          (216) 751-5546
Facsimile     (216) 751-6630
E-mail:         edwardcochran@adelphia.net
Counsel for Objector

Mar 21 08 03:45p                                          2168316594                          p.2

## CONFIRMATION

I have read the foregoing Objections and confirm that I want them to be filed on my behalf.

*[signature: Marcus Rucker]*

MARCUS RUCKER
Print Name

CERTIFICATE OF SERVICE

A courtesy copy of the foregoing Objections was sent by regular U.S. Mail, postage prepaid on the 21st day of March, 2008 to the following:

Kristen E. Law, Esq.
2754 Battery St. 30th Floor
San Francisco, CA 94111

Edward F. Siegel