HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GRAYS HARBOR ADVENTIST
CHRISTIAN SCHOOL, a Washington
non-profit organization; GREG G.
BOGDANOVICH, an individual; MARY
LAFOREST, an individual, BRUCE
KELLY, an individual, MARK NEUSER,
an individual, ARLAN HINKELMANN,
an individual, MARCIA HINKELMANN,
an individual, JEFF DOUGHERTY, an
individual, FRANK ZINN, an individual,
HARVEY OPALESKI, an individual, and
JAMES NOGOSEK, an individual, on
behalf of themselves and all others
similarly situated,

                    Plaintiffs,

        v.

CARRIER CORPORATION, a Delaware
corporation,

                    Defendant.

Case No.  NO. 05-05437 RBL

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Date:        April 22, 2008
Time:        8:30 a.m.
Courtroom:  B
Judge:       Ronald B. Leighton

On November 20, 2007, this Court held a preliminary approval hearing on the

Settlement reached between Defendant Carrier Corporation ("Carrier") and Plaintiffs Grays

[REVISED PROPOSED] ORDER GRANTING        -1-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1   Harbor Adventist Christian School, Greg G. Bogdanovich, Mary Laforest, Bruce Kelly, Mark

2   Neuser, Arlan Hinkelmann, Marcia Hinkelmann, Jeff Dougherty, Frank Zinn, Harvey Opaleski,

3   and James Nogosek, on behalf of themselves and a nationwide Class of owners of high-

4   efficiency furnaces designed, manufactured, and sold by Carrier from 1989 forward equipped

5   with a polypropylene-laminated ("PPL") condensing heat exchanger ("CHX").[1]

6          The Settlement provides cash reimbursement for Class members who incurred out of

7   pocket expenses to replace a failed CHX, as well as a 20-year enhanced warranty, which covers

8   the cost of parts and labor, for future CHX replacements.

9          At the conclusion of the preliminary approval hearing, this Court entered an Order (1)

10  Granting Preliminary Approval to the Proposed Settlement; (2) Provisionally Certifying the

11  Proposed Settlement Class; (3) Approving the Proposed Notice Plan and Forms of Notice; and

12  (4) Scheduling the Final Fairness Hearing for April 22, 2008 (the "Preliminary Approval

13  Order").

14         On March 18, 2008, in conjunction with Plaintiffs' Unopposed Motion for Final

15  Approval of Class Action Settlement, Shannon Wheatman of Hilsoft, Inc., the Court-approved

16  notice provider in this matter, filed a declaration confirming the timely distribution to the

17  Settlement Class of the Mailed Settlement Notice, Claim Form, and Publication Notice

18  required by the Preliminary Approval Order.[2]  Of nearly half a million Class members to

19  receive mailed notice, only 7 objected and 24 opted out. [3]  A list of Class Members who opted

20  out is attached to this Order as Exhibit A.

21         On April 22, 2008, this Court held a fully noticed formal fairness hearing to consider

22  whether to grant final approval to the Settlement, and to consider Class Counsel's application

23  for an award of attorneys' fees and costs.  The Court conducted a hearing, during which the

24

25  [1] Pursuant to the agreement of the Parties, owners of high-efficiency furnaces equipped with PPL CHXs that were
    manufactured in December 1988 are also eligible to participate fully in the Settlement.
    [2] (*See generally,* Wheatman Decl.)
    [3] (Aaronian Response Decl., ¶ 4.)

[REVISED PROPOSED] ORDER GRANTING          -2-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1  Court heard argument from the parties and all others who appeared, whether represented by

2  counsel or not.

3       Having read, reviewed and considered the papers filed with this Court, the oral

4  arguments of counsel, and the written and oral objections and comments of all those who have

5  appeared in these proceedings, and based on its familiarity with this matter, this Court finds

6  and concludes as follows:

7  **I.       THE CLASS NOTICE COMPLIED WITH THIS COURT'S ORDERS AND
           APPLICABLE LEGAL STANDARDS**

8

9       On November 20, 2007, this Court ordered that Class Notice be disseminated in

10  substantially the form submitted by Plaintiffs at the preliminary approval hearing, and further

11  specified the manner in which such dissemination should occur.  Based upon the

12  uncontroverted proof that Hilsoft submitted to the Court on March 18, 2008, this Court finds

13  that the settling parties have complied with the Court's Orders, as follows:

14       The Court-approved Notice was mailed directly to 454,588 potential Class members

15  whose addresses were available through Carrier's product warranty information.  The Notice

16  was also emailed to Class members whose email addresses were known.  In addition, Summary

17  Notice of the Settlement appeared in two national newspaper supplements and five national

18  consumer publications.  A Court-approved press release was issued to more than 4,000 press

19  outlets throughout the United States and Court-approved radio PSAs were recorded and

20  distributed to more than 4,000 radio stations throughout the United States.

21       Further, the Court-approved Claims Administrator, U.S. Bank, established a Court-

22  approved website, www.FurnaceClaims.com, where Class members can download and/or

23  submit a Claim Form and obtain information regarding the Settlement.  The Claims

24  Administrator also established a toll-free number for Class Members who wish to learn more

25  about the Settlement or request a Claim Form.

[REVISED PROPOSED] ORDER GRANTING        -3-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    In order to alert its dealers about the Settlement, Carrier provided Notice of the

2   Settlement to its full list of Dealer/Distributors via email, requesting their voluntary assistance

3   in communicating the notice information to potential Class members.  Carrier also provided a

4   Technical Bulletin and Detailed Notice to its dealers via a posting on its website,

5   www.hvacpartners.com.

6    In light of discovery conducted after the Parties entered into the Settlement Agreement,

7   Carrier provided subsequent Notice by direct mail and email to all known owners of high-

8   efficiency furnaces manufactured in December 1988 that were equipped with the PPL CHXs at

9   issue in this lawsuit, informing those owners of their right to participate fully in the proposed

10   Settlement.  Carrier also provided Notice to its dealers of this expansion of the Settlement

11   relief.

12    Carrier also provided notice of the Settlement Agreement to the U.S. Attorney General

13   and the Attorney Generals of all fifty states and the District of Columbia, as required by 28

14   U.S.C. § 1715(b)

15    The Court finds and concludes that the Notice Program as a whole provided the best

16   practicable notice to the members of the Class under the circumstances, and satisfies the

17   requirements prescribed by the United States Supreme Court.  *See Phillips Petroleum Co. v.*

18   *Shutts* (1985) 472 U.S. 797, 811-12; *Eisen v Carlisle and Jacqueline*, 417 U.S. 156, 174-175

19   (1974).  The Notice clearly described the boundaries of the Class definition, the basis for the

20   lawsuit, the terms and provisions of the Settlement, the remedies available to Class Members,

21   the proposed method for benefit distribution, the proposed amount of the Named Plaintiff

22   service award, and the requested amount for attorneys' fees and costs.  The Notice described

23   the proposed Settlement with enough specificity to allow each Class Member to make an

24   informed choice whether to (a) accept and participate in it, (b) to opt out of it to preserve the

25   right to bring a separate action, or (c) to object to it.  The Notice explained the procedure by

[REVISED PROPOSED] ORDER GRANTING    -4-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    which a Class Member could take any such action.  Finally, the Notice provided the schedule

2    for the Final Fairness Hearing, and informed Class Members how to obtain additional

3    information from Class Counsel or the Claims Administrator about the Settlement.

4           Accordingly, the Court finds and concludes that the method and content of the Notice

5    satisfied all applicable legal requirements.

6    **II.      THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE**

7           When considering a motion for final approval of a class action settlement under Rule

8    23, the court's inquiry is whether the settlement is "fair, adequate, and reasonable." *Class*

9    *Plaintiffs v. City of Seattle*, 955 F.2d 1268 1276 (9th Cir. 1992).  A settlement is fair, adequate,

10   and reasonable when "the interests of the class as a whole are better served if the litigation is

11   resolved by the settlement rather than pursued." *Manual for Compl. Litig.*, Fourth, § 30.42

12   (2004).  The decision to approve or reject a proposed settlement is committed to the court's

13   sound discretion. *See City of Seattle*, 955 F.2d at 1276.

14          In affirming the settlement approved by the trial court in *City of Seattle*, the Ninth

15   Circuit noted that it "need not reach any ultimate conclusions on the contested issues of fact

16   and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in

17   litigation and avoidance of wasteful and expensive litigation that induce consensual

18   settlements." *Id.* at 1291 (internal quotations and citations omitted).  The district court's

19   ultimate determination "will involve a balancing of several factors," which may include:

20
                     the strength of plaintiffs' case; the risk, expense, complexity, and
21                   likely duration of further litigation; the risk of maintaining class
                     action status throughout the trial; the amount offered in
22                   settlement; the extent of discovery completed, and the stage of
                     the proceedings; the experience and views of counsel . . . and the
23                   reaction of the class members to the proposed settlement.

24

25   *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).

[REVISED PROPOSED] ORDER GRANTING          -5-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    This Court begins its analysis with a presumption that a class settlement is fair and

2    should be approved if it is the product of arm's-length negotiations conducted by capable

3    counsel with extensive experience in complex class action litigation.  *See M. Berenson Co. v.*

4    *Faneuil Hall Marketplace*, 671 F. Supp. 819, 822 (D. Mass. 1987).  Each of these factors is

5    present here:  Class Counsel have extensive experience in class action litigation, and they

6    reached the Settlement with Carrier only after vigorous litigation, extensive arm's-length

7    mediation facilitated by experienced mediator Prof. Eric D. Green of Resolutions, LLC, and

8    substantial negotiation about the specific terms of the Settlement.[4]

9    Further, the Court has considered each of the factors set forth in *City of Seattle* to

10   determine whether the proposed Settlement warrants final approval.  The Court finds, based on

11   the record submitted, that the Settlement is fair, adequate, and reasonable in light of, *inter alia*,

12   the following factors:

---

[4] (*See* Declarations of Selbin ¶¶ 2, 7, Ex. A, Stephens ¶¶ 2-8, 23, Pines ¶¶ 2-17, and Woodward ¶¶ 4,10.)

[REVISED PROPOSED] ORDER GRANTING          -6-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1        1.      The Value Of The Settlement, And The Substantial Benefits It Provides To Class Members

The Settlement provides relief for all Class members who experienced a CHX failure. All eligible Class members will receive a cash payment based on the number of years their Carrier furnace was in service prior to failure. Class members may submit a simple claim to request the cash relief available under the Settlement.

Of particular value, and in addition to the cash component of the Settlement, all Class members will receive a forward-looking enhanced warranty that covers all parts and labor required for a Carrier-authorized technician to repair the CHX and associated parts for 20 years from the date of installation at no cost to the class members. To effectuate this repair, Carrier will reimburse its dealers for up to 4 hours of labor at the then-current hourly rate. Under no circumstances, however, will a Class member be charged for labor required above and beyond four hours. The enhanced warranty differs from Carrier's standard warranty by covering labor in addition to replacement parts. Class members who qualify for enhanced warranty service may elect a credit toward the purchase of a new furnace in lieu of the free CHX replacement.

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

2.      The Risks Inherent In Continued Litigation

The Settlement here serves the interests of the Class.  Absent the Settlement, Plaintiffs would have had to obtain a class judgment against Carrier, including obtaining class certification covering the entire Class and prevailing on their legal claims.  Such an outcome was by no means guaranteed.  Indeed, class certification was denied in the Wisconsin action and the issue of certification was on appeal at the time the Settlement was reached.  Moreover, the outcome of trial and any appeals are inherently uncertain and involve significant delay. The Settlement avoids these challenges and provides prompt, substantial relief for Class Members, which weighs in favor of final approval of the Settlement.

3.      The Amount of Discovery and Investigation Completed At the Time of Settlement

By the time the parties reached the Settlement, they had compiled sufficient information and conducted extensive analyses to assess the strengths and weaknesses of their respective cases.  Specifically, Class Counsel reviewed hundreds of thousands of documents, and, together with Plaintiffs' experts, inspected more than 100 furnaces to assess the nature and scope of the alleged defect.[5]  In addition, each class representative responded to discovery.  In total, the parties conducted more than 50 depositions, including the depositions of the class representatives in the related actions, as well as numerous experts and Carrier employees.  By the time the Settlement was reached, the Parties had sufficient legal and factual bases to make a thorough appraisal of the adequacy of the Settlement.

4.      The Terms And Conditions Of The Proposed Settlement

The Settlement provides cash compensation for Class members who had a previous CHX failure, as well as ongoing enhanced warranty coverage to prevent further expense arising from future CHX failures.  The straight-forward claims process applies equally to all Class members, and assistance is available—from Class Counsel, the Claims Administrator, and

---

[5] (See Stephens Decl., ¶¶ 13-17.)

[REVISED PROPOSED] ORDER GRANTING          -8-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

Carrier—for Class members who need help locating the requisite proof to establish eligibility for relief under the Settlement.

5.     The Views of Class Counsel

When assessing the fairness of a proposed settlement, the court must consider the views and experience of counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Class Counsel in this case, who are experienced and skilled in class action litigation, support the Settlement as fair, reasonable, and adequate, and in the best interests of the Class as a whole.[6] Based on a review of Class Counsel's credentials and their bases for supporting the Settlement, the Court finds that this factor weighs in favor of Settlement approval.

6.     The Expense And Likely Duration Of Litigation In The Absence Of A Settlement

Another factor courts consider in assessing the fairness of settlements is the complexity, expense, and likely duration of the litigation had a settlement not been reached. *City of Seattle*, 955 F.2d at 1291. As discussed above, the Settlement guarantees a substantial recovery for the Class while obviating the need for lengthy, uncertain, and expensive pretrial practice, trial, and appeals. Even if the Class prevailed at trial, Carrier would likely appeal any adverse rulings against it. Absent the proposed Settlement, Class Members would likely not obtain relief, if any, for a period of years.

7.     The Presence Of Good Faith And The Absence Of Collusion

Courts should also consider the presence of good faith and the absence of collusion on the part of the settling parties. 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11.43 (4th ed. 2002). There is no indication of collusion or bad faith here, nor any allegations thereof. Furthermore, courts recognize that arm's-length negotiations conducted by competent counsel are prima facie evidence of fair settlements. *In re Consolidated Pinnacle West Securities*, 51 F.3d 194, 197 n.6 (9th Cir. 1995); *see also Berenson*, 671 F. Supp. at 822

---

[6] (*See* Declarations of Selbin ¶ 15, Stephens ¶ 24, and Woodward ¶ 10.)

[REVISED PROPOSED] ORDER GRANTING     -9-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 • FAX: 415-956-1008

1    (holding that where "a proposed class settlement has been reached after meaningful discovery,

2    after arm's-length negotiations by capable counsel, it is presumptively fair").

3            The proposed Settlement here is the result of intensive, arm's-length negotiations

4    between experienced attorneys who are highly familiar with class action litigation in general

5    and with the legal and factual issues of this case in particular.  Initial settlement negotiations in

6    this case were followed by mediation with the guidance of experienced mediator Prof. Eric D.

7    Green of Resolutions, LLC.  The mediation resulted in a tentative agreement-in-principle

8    reached on October 17, 2007.  After reaching this agreement, the parties continued to negotiate

9    in detail and in good faith over the months that followed to finalize the Settlement Agreement.

8. 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[REVISED PROPOSED] ORDER GRANTING      -10-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

<u>Class Members' Positive Reaction Supports Final Approval</u>

Finally, and perhaps most importantly, the Settlement has already received a positive response from the Class.  The reaction of class members to a proposed settlement is an important factor in determining whether a settlement is fair, adequate, and reasonable.  *City of Seattle*, 955 F.2d at 1291.  A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.  *See, e.g., Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977).  Indeed, a court can approve a class action settlement as fair, adequate, and reasonable even over the objections of a significant percentage of class members.  *See City of Seattle*, 955 F.2d at 1291-96.

Every one of the class representatives from all four related cases supports the Settlement.[7]  Further, out of an estimated three million Class members, only 24 opted out of the Settlement and 7 objected to it.[8]  This is particularly significant in light of the success of the Notice program.  Since this Court granted preliminary approval on November 20, 2007, all reasonably identifiable Class Members—nearly half a million in all—were individually mailed the Notice of Proposed Class Action Settlement.[9]  In addition, Notice was published in a variety of outlets nationwide to maximize its reach.[10]  The scarcity of objections and requests to opt out of the Settlement both indicate the broad, class-wide support for the Settlement and support its approval.  Moreover, while the claims period runs through August 1, 2008, more than 6,800 Class members have already submitted a claim form.[11]  And Carrier has already received more than 4,855 claims for enhanced warranty coverage.

---

[7] (*See* Declarations of  Bogdanovich, Brenton, Kelly, Laforest, Nogosek, Dougherty, Opaleski, Zinn, Neuser, and Hinkelmann.)
[8] (Aaronian Resp. Decl., ¶ 4.)
[9] (*See* Aaronian Decl., ¶ 4.)
[10] (*See* Wheatman Decl., ¶¶ 24-27, Ex. 8.)
[11] (*See* Aaronian Response Decl., ¶¶ 5-6.)

[Revised Proposed] Order Granting        -11-
Final Approval of Class Action
Settl't
Case No. 05-5437RBL
758365.2

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

<u>The Objections</u>

This Court has considered each of the seven objections and finds that they are without merit. Five of the seven objectors take issue with a substantive provision of the Settlement. Two additional Class members object to the requested attorneys' fees without objecting to the substance of the Settlement. This Court addresses—and overrules—the fee objections in the Court's Order Granting Class Counsel's Application For Award Of Attorneys' Fees And Costs And Service Award To The Named Plaintiffs, entered concurrently.

The theme of the five substantive objections is that the Settlement could have been "better" by providing different or additional relief. As the Ninth Circuit recognized in *Hanlon v. Chrysler Corp.*:

> Of course it is possible . . . that [a] settlement could have been better. But this possibility does not mean [a] settlement presented [is] not fair, reasonable or adequate. Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion. In this regard, the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness. There [is] no disparate treatment between class members; all stood to benefit equally, a fact which lessens the likelihood that the named Plaintiff and their attorneys colluded with [the defendant] to increase their own recovery at the expense of the unnamed Plaintiff who Class Counsel had a duty to represent. No objector stepped forward and suggested that his or her personal claim was being sacrificed for the greater good and if any thought that was the case, they had the right to opt out of the class.

150 F.3d 1011, 1027 (9th Cir. 1998).

The five substantive objections center around three issues: (1) the amount of cash compensation available for past CHX repairs; (2) the scope of the enhanced warranty coverage; and (3) the fact that the present Settlement does not directly address the issue of carbon monoxide (CO) emissions from failed furnaces.

[REVISED PROPOSED] ORDER GRANTING    -12-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    As this Court is aware from its oversight throughout the litigation of this matter, the

2  Settlement presented here was reached after more than two and a half years of intensely

3  adversarial litigation, and—like any settlement must—reflects both the strengths and

4  weaknesses of Plaintiffs' claims and Carrier's defenses.  Here, as with any compromise, both

5  sides were required to make some concessions to reach closure and both sides have determined

6  that the benefits of acceding to such concessions outweigh the risks of further litigation.  For

7  these reasons, and for the specific reasons set forth below, the objections are overruled.

8    First, Objectors David Shaffer, Mr. and Mrs. Collins Steve Jakin, Lyle Gatchel and Jo

9  Ellen Simonsen, Keith McKinney, and Steven Black argue that the Settlement is inadequate

10  because their actual out of pocket expenses for past replacement of a failed CHX are greater

11  than the $270 award provided under the Settlement.  While the $270 award may not fully

12  compensate some Class members for the cost of their CHX replacement, this Court is satisfied

13  that the Parties reasonably agreed to provide a standard, pro-rated payment schedule for claims

14  related to past repairs in an effort to provide substantial and immediate cash relief that (a)

15  accounts for the failed CHX's years in service; and (b) eliminates the burden on Class members

16  of proving individualized damages.  Objections on this ground are therefore overruled.

17    Second, Objectors Gatchel, Simonsen and Black argue that the enhanced warranty

18  component of the Settlement is inadequate.  The Settlement provides that Class members will

19  receive an enhanced warranty that covers all parts and labor required for a Carrier-authorized

20  technician to replace the CHX and associated parts (which may include the coupling box kits,

21  cold spot baffle, collector box, and cell inlet and outlet panels) due to CHX failure for 20 years

22  from the date of installation of the furnace at no cost to the Class member.  By providing this

23  relief, the Settlement guarantees that Class members will get the 20 years of useful life they

24  expected from their CHX, even if they have to replace the CHX one or more times over that 20

25  year period.  To effect the repairs provided by the enhanced warranty, Carrier will reimburse its

[REVISED PROPOSED] ORDER GRANTING        -13-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1  dealers for up to four hours of labor at the then-current hourly rate the dealer has registered

2  with Carrier.  Even if the installation of the replacement CHX takes longer than four hours, no

3  Class member will be charged for any labor cost associated with the repair.  The Court is

4  satisfied that the enhanced warranty coverage is fair, adequate, and reasonable.

5         Objectors Gatchel, Simonsen and Black further suggest that the enhanced warranty

6  component of the Settlement is inadequate because it does not cover the cost of inspection

7  service calls.  Considering the weight of the evidence collected throughout the litigation and

8  the risks inherent in proceeding to trial, the Court finds that the Parties reasonably limited the

9  relief available under the enhanced warranty component of the Settlement to cost and labor

10  associated with failed CHXs for 20-years.

11         Thus, objections with regard to the scope and nature of the enhanced warranty

12  component of the Settlement are hereby overruled.

13         Third and finally, Objectors Gatchel, Simonsen and Black raise concerns regarding the

14  possibility of carbon monoxide (CO) emissions from failed furnaces.  While this Court takes

15  seriously the public health issues surrounding CO emissions, objections regarding CO do not

16  weigh against final approval of the proposed Settlement.  As an initial matter, Plaintiffs report

17  that although CO emission is a theoretical endgame failure of the furnaces if furnace corrosion

18  goes unchecked and the CHX is not replaced.  Carrier has taken the position throughout the

19  litigation that CO emission due to CHX failure is a technical impossibility given the air-flow

20  properties of the furnace and the trip switch each furnace has.  In discovery, Carrier reported

21  that there have been no incidents of personal injury arising from CO exposure related to CHX

22  failure.

23         Moreover, Plaintiffs' complaint has never included personal injury claims related to CO

24  exposure.  Indeed, all personal injury claims have always been expressly excluded from the

25  Class definition, in both the Complaint and the Settlement.  The Settlement also does not

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1  release personal injury claims.  Any Class member who wishes to pursue a claim based on CO

2  exposure is free to do so and participate fully in the proposed Settlement.

3      Regardless of the fact that personal injury claims have been preserved under the

4  Settlement, the Settlement and the related Notice program were designed to minimize any

5  potential risk of CO emissions.  First, as a substantive matter, the Settlement provides enhanced

6  warranty coverage which allows for the prompt replacement of a failing CHX without cost to

7  the Class member, which should ensure replacement before the CHX corrodes so severely that

8  CO emission is even a theoretical risk.[12]  Second, through the Notice program, the Parties have

9  informed both the Class and Carrier's dealers of the potential for CHX failure in an effort to

10  raise awareness about the need for annual inspections and prompt replacement of failing CHXs,

11  and have informed Carrier's dealers of how to identify the signs of failure that mandate

12  replacement.  In addition, Carrier has provided to its dealers a service and maintenance bulletin

13  (SMB) instructing service personnel to inspect a furnace for signs of imminent CHX failure

14  during routine inspection calls.  Together, the enhanced warranty, the Notice, and the SMB

15  ensure that failing CHXs are promptly replaced.

16      In light of these facts, the CO objections are overruled.

17      The Court finds the overwhelming non-opposition to and participation in the Settlement

18  as strong indications of Class Members' support for the Settlement as fair, adequate, and

19  reasonable.

20

21

22

23

---

[12] A CHX failure for purposes of the enhanced warranty coverage is defined as (1) a condition where the CHX in a
CHEF was or is no longer functioning properly, requiring the replacement of the CHX; or (2) a condition where
the failure of the CHX in a CHEF to function properly is imminent, requiring the replacement of the CHX.  The
initial determination of whether the CHX required or requires replacement will be made by the Carrier-authorized
dealer, but that recommendation is subject to review or audit by Carrier for purposes of determining if the dealer's
determination was unreasonable.

[REVISED PROPOSED] ORDER GRANTING    -15-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1        1.    <u>Class Counsel Seek Reasonable Fees</u>

2        One final matter for the Court to consider in granting final approval to the Settlement is

3    the issue of attorneys' fees and costs.  The Court has considered and awarded Class Counsel's

4    attorneys' fees and costs by separate Order.

5                    *           *           *

6        Accordingly, the entire matter of the proposed Settlement having been duly noticed, and

7    having been fully considered by the Court,

8        **IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1.     Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement (the "Settlement Agreement"), previously filed with this Court.

2.     The Court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order.  The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

3.     The Court finds it has personal and subject matter jurisdiction over all claims asserted in the

4.     Seconded Amended Complaint with respect to all members of the Settlement Class.

5.     The settlement of this class action on the terms set forth in the Settlement Agreement is approved as being fair, adequate and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims.  The Settlement Class is properly certified as a class as part of this settlement.  The relief with respect to the Settlement Class is appropriate, as to the individual members of the Settlement Class and as a whole.

6.     The settlement is binding on all members of the Settlement Class.  The Settlement Class is defined as:  All individuals and entities in the United States of America who currently own Carrier 90% high-efficiency condensing furnaces manufactured after January 1, 1989, and equipped with polypropylene-laminated secondary heat exchangers ("PPL-CHXs"), and former owners of such furnaces whose furnaces experienced CHX failure. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest of Defendant, and Defendant's legal representatives,

[REVISED PROPOSED] ORDER GRANTING          -17-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1   assigns and successors.  Also excluded are the judge to whom this case is assigned and any

2   member of the judge's immediate family.  Claims for personal injury, emotional distress, and

3   wrongful death are specifically excluded from the Class.

4           7.      All members of the Settlement Class are bound by the terms of the Settlement

5   Agreement.  As of the Effective Date, all members of the Settlement Class shall conclusively

6   be deemed to have released all settled claims as described in the Settlement Agreement, which

7   provides:  "Upon the final disposition of any appeals arising from the entry of Judgment by the

8   Washington Court dismissing the claims of the U.S. Settlement Class Members with prejudice,

9   U.S. Plaintiffs, for themselves and on behalf of each U.S. Settlement Class Member, and their

10  respective heirs, assigns, and successors, hereby fully and irrevocably release Carrier and,

11  whether or not specifically named herein, each of its past or present directors, officers,

12  employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives,

13  partners, affiliates, parents, subsidiaries, joint venturers, independent contractors, wholesalers,

14  resellers, distributors, retailers, related companies, divisions, predecessors, successors, and

15  assigns, and specifically including United Technologies Corporation ("Released Persons") from

16  any and all liabilities, claims, causes of action, damages, costs, attorneys' fees, losses, or

17  demands, whether known or unknown, existing or potential, or suspected or unsuspected,

18  which were or could have been asserted in the filed Actions or in other state, federal or tribal

19  actions, filings, arbitrations or proceedings against Carrier relating to CHX Failures and

20  associated parts in CHEFs sold prior to the date of final approval by the Washington Court of

21  this Agreement and the settlement discussed herein with respect to the United States.

22  Notwithstanding the foregoing, no claims are released hereunder for personal injury, wrongful

23  death, emotional distress, or property damage.  Also expressly excluded from this release are

24  any and all claims that pertain to Carrier products other than the CHEFs defined herein."

25

[REVISED PROPOSED] ORDER GRANTING     -18-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

8.      As of the Effective Date, all members of the Settlement Class are hereby forever barred and enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, in this or any other jurisdiction or forum, any of the claims that are released by this settlement or barred by the entry of the judgment in this action.

9.      Neither this Order nor any aspect of this settlement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  In particular, and without limiting the generality of the foregoing, nothing in this Order or in this settlement shall be offered or construed as an admission of, or evidence of, liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or its employees and agents.  In addition, and also without limiting the generality of the foregoing, nothing about this Order or the settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in any other action for adversarial, rather than settlement, purposes.

10.     The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorney fees to any party except as otherwise provided in this Court's Order Granting Class Counsel's Application For Award of Attorneys' Fees and Costs and Service Awards to the Named Plaintiffs.  The claims that are thereby dismissed shall include all claims encompassed by the release set out in the Settlement Agreement.

11.     The dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement and the rights of Class Counsel to seek attorney fees, costs, and service awards to the named Plaintiffs as provided in the Settlement Agreement.  Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter for purposes of resolving any disputes which may arise under the Settlement Agreement.

IT IS SO ORDERED.

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1       DONE IN OPEN COURT this 22nd day of April, 2008.

2

3                                 RONALD B. LEIGHTON
                                  UNITED STATES DISTRICT JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[REVISED PROPOSED] ORDER GRANTING      -20-
FINAL APPROVAL OF CLASS ACTION
SETTL'T
CASE NO. 05-5437RBL
758365.2