1

2

3

4

5

6

7

HONORABLE RONALD B. LEIGHTON

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 GRAYS HARBOR ADVENTIST
   CHRISTIAN SCHOOL, a Washington
12 non-profit organization; GREG G.
   BOGDANOVICH, an individual; MARY
13 LAFOREST, an individual, BRUCE
   KELLY, an individual, MARK NEUSER,
14 an individual, ARLAN HINKELMANN,
   an individual, MARCIA HINKELMANN,
15 an individual, JEFF DOUGHERTY, an
   individual, FRANK ZINN, an individual,
16 HARVEY OPALESKI, an individual, and
   JAMES NOGOSEK, an individual, on
17 behalf of themselves and all others
   similarly situated,
18
                    Plaintiffs,
19
         v.
20
   CARRIER CORPORATION, a Delaware
21 corporation,
22
                    Defendant.
23

Case No.  NO. 05-05437 RBL


**ORDER GRANTING CLASS COUNSEL'S
APPLICATION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARDS TO THE NAMED
PLAINTIFFS**

Date:      April 22, 2008
Time:      8:30 a.m.
Courtroom: B
Judge:     Ronald B. Leighton

24

25

[REVISED PROPOSED] ORDER GRANTING      -1-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    Plaintiffs' Application For An Award of Attorneys' Fees and Costs and Service Awards

2    for the Named Plaintiffs (the "Fee Application") came before the Court for hearing on April 22,

3    2008, pursuant to this Court's November 20, 2007 Order (1) Granting Preliminary Approval to

4    the Proposed Settlement; (2) Provisionally Certifying the Proposed Settlement Class; (3)

5    Approving the Proposed Notice Plan and Forms of Notice; and (4) Scheduling the Final

6    Fairness Hearing (the "Preliminary Approval Order").  The Court has read and considered the

7    Fee Application, all supporting declarations and all other materials relating to the Fee

8    Application, including all materials submitted in opposition to the Fee Application.

9    As a general matter, the Ninth Circuit has held that in the context of class action

10   settlements, courts have the discretion to choose either the "lodestar/multiplier" method or the

11   "percentage" method to determine a reasonable attorneys' fee.  *Hanlon v. Chrysler Group*, 150

12   F.3d 1011, 1029 (9th Cir. 1998).  However, numerous courts within the Ninth Circuit have held

13   that when state substantive law applies, attorneys' fees are to be awarded in accordance with

14   state law.  *Vizcaino v. Microsoft Corp.*, 142 F.Supp.2d 1299, 1302 (W.D. Wash. 2001) (citing

15   cases).  Because Washington is the forum state, Washington law should be applied to the

16   determination of an appropriate fee award.  *Id.*  Washington law recognizes both the lodestar

17   method and the percentage of the fund method for determining appropriate attorneys' fees.

18   *Bowles v. Department of Retirement Systems*, 121 Wash.2d 52, 72-73 (1993).  "Under the

19   lodestar/multiplier method, the district court first calculates the 'lodestar' by multiplying the

20   reasonable hours expended by a reasonable hourly rate.  *See generally Bowers v. Transamerica

21   Title Ins. Co.*, 100 Wash.2d 581, 597-99 (1983).  The court may then enhance the lodestar with

22   a 'multiplier,' if necessary, to arrive at a reasonable fee."  *Id.*; *see also In re Wash. Pub. Power

23   Supply Sys. Sec. Litig.* ("WPPSS"), 19 F.3d 1291, 1295 fn.2 (9th Cir. 1994) (citations omitted).

24   "Under the percentage method, the court simply awards the attorneys a percentage of the funds

25   sufficient to provide plaintiffs' attorneys with a reasonable fee."  *WPPSS.*, 19 F.3d at 1295 fn.2.

[REVISED PROPOSED] ORDER GRANTING          -2-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

(citations and quotation marks omitted).  The Ninth Circuit has held that regardless of whether a court "applies the lodestar or the percentage method, 'we require only that fee awards in common fund cases be reasonable under the circumstances.'"  *Id.* (quoting *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990)); *see also Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  Where, as here, Settlement relief will be paid on a claims made basis with no cap to the relief available, consideration of attorneys' fees lends itself more readily to the lodestar method.  Because the attorneys' fees will be paid separately by Carrier without reducing the relief available to the Class, the lodestar method is appropriate.  *Bowles*, 121 Wash.2d at 72-73.

# I.  THE REQUESTED AWARD OF ATTORNEYS' FEES IS APPROPRIATE UNDER THE LODESTAR METHOD

The Ninth Circuit has enumerated factors to be considered in determining the appropriateness of a fee using the lodestar method.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Hanlon*, 150 F.3d at 1029.  In approving a fee request under the lodestar method, trial courts should consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the requisite legal skill necessary; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount at controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

(*Id.*)  The Court has considered these factors in the present case to determine that the requested award of attorneys' fees and reimbursement of expenses is appropriate.  The Court finds that the amount of fees and costs awarded herein is fair and reasonable to the Class in light of the result achieved, the effort that was spent, the complexity of the issues presented, and the numerous risks faced by Class Counsel in obtaining a successful result.  Specifically, the Court

[REVISED PROPOSED] ORDER GRANTING        -3-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1   finds, based on the record submitted, that the attorneys' fees awarded herein are justified in

2   light of, *inter alia*, the following factors:

3                       <u>Time and Labor Required</u>: The 18,728 hours Plaintiffs' Counsel collectively

4   expended on this case were reasonably spent.  Plaintiffs' Counsel: (1) investigated and filed

5   this action and the related actions in Michigan, Minnesota, and Wisconsin; (2) successfully

6   moved for class certification in the Washington action and defeated Carrier's motion for

7   decertification; (3) took and defended more than 50 depositions; (4) coordinated multiple

8   furnace inspections; (5) engaged multiple experts to assess the nature and scope of the defect

9   and prepared a model of classwide damages; (6) propounded and responded to voluminous

10   discovery; (7) reviewed tens of thousands of documents; (8) prepared for and attended the

11   mediation; (9) settled the case and documented the Settlement; (10) successfully moved for

12   preliminary approval of the Settlement; and (11) worked with the notice provider and defense

13   counsel to respond to Class Member questions concerning the Class Notice.[1]

14                       Class Counsel provided summary reports of each firm's lodestar with their Fee

15   Application on March 18, 2008 and later supplemented those records with detailed time

16   reports, which Class Counsel submitted for *in camera* review.  Based on a review of those

17   lodestar reports, the Court is satisfied that the time and labor Class Counsel expended is

18   reasonable and supports their request for an award of attorneys' fees.  Significantly, no party or

19   objector has challenged the reasonableness either of the hours committed to this case or the

20   rates charged by the lawyers and their firms.

21                       <u>The Novelty and Difficulty of the Questions Involved</u>: The Court recognizes

22   that defective product class actions are complex and involve risk.  This case is particularly

23   complex because it involves multiple related cases proceeding in parallel actions in four U.S.

24   jurisdictions.  In addition, Plaintiffs' claims involve dozens of furnace models, some of which

25

---

[1] (*See* Declarations of Selbin ¶ 7, Stephens ¶¶ 12-18, Pines ¶ 19, and Woodward ¶ 5.)

[REVISED PROPOSED] ORDER GRANTING     -4-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1   have been on the market for nearly 20 years.  The difficulty of the questions involved is

2   demonstrated by the posture of the Wisconsin action.  At the time of Settlement, Plaintiffs'

3   appeal of the Wisconsin court's denial of class certification was pending.  Any appellate

4   proceeding involves risk to both parties.  The outcome of Plaintiffs' appeal in Wisconsin was

5   by no means clear.  The Court finds that the novelty and difficulty of the questions involved

6   here favor final settlement approval.

7           The Preclusion of Other Employment: The Court is satisfied that the demanding

8   and contentious nature of this action precluded Class Counsel from accepting other potentially

9   profitable work.[2]

10          The Customary Fee: The modest multiplier requested by Class Counsel falls

11  well within the range of multipliers approved by Ninth Circuit courts.  *See Vizcaino*, 290 F.3d

12  at 1052–54 (approving multiplier of 3.65 and citing a survey of class settlements from 1996-

13  2001 indicating that most multipliers range from 1.0 to 4.0).  In light of the range of multipliers

14  commonly approved by courts within the Ninth Circuit, Plaintiffs' fee request is reasonable.

15  Class Counsel provided summary reports of each firm's lodestar with their Fee Application on

16  March 18, 2008 and later supplemented those records with detailed time reports, which Class

17  Counsel submitted for *in camera* review.  Based on a review of those records, the Court finds

18  that Class Counsel's hourly rates are reasonable for their skill and the work they performed.

19  The resulting lodestar multiplier of 1.24 is fair and reasonable in light of the relevant factors

20  identified and addressed herein.

21          Whether the Fee is Contingent: Class Counsel undertook this class action on a

22  purely contingent basis, with no assurance of recovering expenses or attorneys' fees.[3]  Despite

23  this lack of assurance, Class Counsel expended considerable time and resources to prosecute

24  the case successfully on behalf of the Class.

25

---

[2] (*See* Declarations of Selbin ¶ 13, Stephens ¶ 22, and Woodward ¶ 9.)
[3] (*See* Declarations of Selbin ¶ 12, Stephens ¶ 19, Pines ¶ 20, and Woodward ¶ 9.)

[REVISED PROPOSED] ORDER GRANTING       -5-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1        The Results Obtained: As discussed in detail in this Court's Order Granting

2   Final Approval of Class Action Settlement, entered concurrently, the Court is satisfied that the

3   Settlement provides Class Members with substantial benefits by providing cash compensation

4   for past CHX failures and a forward-looking enhanced warranty provision that will provide

5   free parts and labor for replacement CHXs at any time within 20 years of installation of the

6   furnace.  In addition, Class Counsel will continue to invest time and resources in this matter

7   throughout (and beyond) the claims period, which runs until August 2008.  Class Counsel's

8   ongoing responsibilities will include assisting Class members with claims administration issues

9   and overseeing the enhanced warranty program, which will be in effect for nearly 20 years for

10  some class members.

11       The Experience, Reputation and Ability of the Attorneys: The Court is satisfied

12  that the reputation, experience, and ability of Class Counsel were essential to success in this

13  litigation.  Class Counsel have substantial experience in consumer class action litigation.[4]

14

15

16

17

18

19

20

21

22

23

24

25

---

[4] (See Declarations of Selbin ¶ 2, Ex. A; Stephens ¶¶ 2-8, Pines ¶¶ 2-17, and Woodward ¶ 4, Ex. A.)

[REVISED PROPOSED] ORDER GRANTING      -6-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1
2
## II.     CLASS COUNSEL'S REQUEST FOR REIMBURSEMENT OF COSTS IS REASONABLE

3          The Court further finds that Class Counsel's request for reimbursement of costs is also

4    reasonable.  Throughout the course of this litigation, Class Counsel incurred out-of-pocket

5    costs totaling $1,590,583.75.[5]  The Ninth Circuit allows recovery of pre-settlement litigation

6    costs in the context of class action settlement.  *Staton*, 327 F.3d at 974.  Where, as here, the

7    requested attorneys' fees and costs will be paid in addition to (and not out of) the relief

8    available to the Class, reimbursement of reasonable costs is fully in keeping with applicable

9    law.  Class Counsel provided summary cost reports to this Court on March 18, 2008.  Class

10   Counsel supplemented those reports on April 15, 2008 by providing the detailed the cost

11   records underlying their cost summaries for the Court's *in camera* review.  Based on a review

12   of these records, the Court is satisfied that the requested costs are relevant to the litigation and

13   reasonable in amount.

14
## III.    THE TWO OBJECTIONS WITH REGARD TO CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES LACK MERIT
15

16         Of nearly half a million Class members to receive direct mailed Notice of the

17   Settlement, which included information regarding Class Counsel's fee application, only two

18   Class Members objected to Class Counsel's request for an award of attorneys' fees and costs in

19   this matter.  The Court has considered the two objections with regard to the requested

20   attorneys' fees and finds that they are without merit.  Moreover, neither objection, if accepted,

21   would inure to the benefit of the Class, as fees are paid by Carrier separately from, not out of,

22   the Class relief, such that any reduction in fees would revert back to Carrier, not the Class.

23
24
25

---

[5] (*See* Declarations of Selbin ¶ 11, Stephens ¶ 20, Pines ¶ 26, and Woodward ¶ 8.)

[REVISED PROPOSED] ORDER GRANTING          -7-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    The Rucker Objection

2        Objector Marcus Rucker, represented by Edward F. Siegel, argues that (1) the payment

3    of attorneys' fees should be delayed until the end of the enhanced warranty period so that the

4    Court can evaluate the exact total value of the Settlement; and (2) Class Counsel's lodestar

5    should be reduced by the amount attributable to non-attorneys.  Neither argument is persuasive.

6        First, as discussed in detail above, Class Counsel's request for attorneys' fees is

7    appropriate under the lodestar-multiplier method of determining attorneys' fees in class actions

8    such as this one.  Under the lodestar analysis, Class Counsel are not required to establish the

9    exact total value of the Settlement relief to justify payment of the fee before the close of the

10   claims period.  All that is required is a showing that the requested fee is reasonable.  *WPPSS*,

11   19 F.3d at 1295 fn.2; *Staton*, 327 F.3d at 963.  Class Counsel have made such a showing.

12       In cases where the total value of the settlement can be reasonably estimated, a court

13   applying the lodestar method to determine attorney's fees may use the percentage-of-the-fund

14   analysis as a cross-check.  *Wing v. Asarco Inc.*, 114 F.3d 986, 988-990 (9th Cir. 1994).  In

15   instances where the court uses the percentage-of-the-fund approach as a cross-check on its

16   lodestar analysis, the court need not be exact in its estimate of the total value of the fund.  *Id.* at

17   990. While it is not necessary for the Court to cross-check the reasonableness of a lodestar-

18   based award by conducting a percentage-of-the-fund analysis, the Court has done so here.  The

19   Court is satisfied that the enhanced warranty component of the proposed Settlement can be

20   conservatively valued at $30 million.  If the value of the enhanced warranty program is $30

21   million, Class Counsel's requested fee award of $8,359,416.25 represents 21.8% of the

22   combined total of $38,359,416.25(value plus fees)—a percentage that is squarely in line with

23   the Ninth Circuit's well-established 25% benchmark for attorneys' fees from a common fund

24   case.  *See, e.g., Hanlon*, 150 F.3d at 1029; *Six (6) Mexican Workers v. Arizona Citrus Growers*,

25   904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268,

[REVISED PROPOSED] ORDER GRANTING          -8-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1   272 (9th Cir. 1989); *see also In re Coord. Pretrial Proceedings in Petrol. Prods. Antitrust*

2   *Litig.*, 109 F. 3d 602, 607 (9th Cir. 1997) (recognizing that common fund awards typically

3   range between 20-30%); *Vizcaino*, 290 F.3d at 1050, n.4.  In light of the Settlement value,

4   Objector Rucker's suggestion that payment of attorneys' fees should be delayed is unavailing.

5       Second, Rucker's argument that Class Counsel has embellished its lodestar by including

6   work performed by case clerks, paralegals, law student interns, and other non-attorney staff

7   ignores applicable law.  The Ninth Circuit and Washington courts recognize that substantive

8   case-related work performed by paralegals and other non-attorney staff may be included in the

9   calculation of recoverable lodestar.  *Morgan v. Kingen*, 141 Wn. App. 143, 164 (Wash. App.

10  2007); *see also Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210 (9th Cir. 2003)

11  (upholding lodestar-based fee award that included work performed by attorneys, paralegals,

12  and clerks).  The policy reasons for this rule are clear: if recoverable lodestar were limited to

13  attorney time, law firms would be inclined to assign low-level work to attorneys rather than

14  legal support staff.  The Ninth Circuit discourages such an inefficient result by recognizing the

15  contributions of attorneys and non-attorneys.  This Court will not sway from the established

16  rule. As an added safeguard, Class Counsel has provided to this Court, for *in camera* review,

17  detailed records underlying the summary lodestar and cost reports submitted with Plaintiffs'

18  Fee Application.  Based on its review of those records, the Court is satisfied that Class

19  Counsel's lodestar is reasonable.

20      For these reasons, Mr. Rucker's objection is overruled.

21      The Hallerberg Objection

22      Objector William Hallerberg argues simply that "[f]ees, costs and expenses up to

23  $9,950,000 seem excessive when the damaged parties receive only $270."  Mr. Hallerberg's

24  CHX has never failed or required repair.  Thus, he has not incurred any out of pocket expenses

25  for a past repair that would entitle him to the $270 cash payment he argues is too small in

1  comparison to the requested attorneys' fees.  Mr. Hallerberg is, however, covered by the

2  enhanced warranty protection the Settlement provides.

3       As discussed above, Class Counsel's fee award is appropriate under the lodestar-

4  multiplier analysis.  In addition, recovery to Class members is not limited to the $270 cash

5  payment for past CHX failures, but also includes automatic enhanced warranty protection for

6  all Class members.  In view of the Settlement value as a whole, the Court finds that Class

7  Counsel's requested fee is reasonable and supported by Class Counsel's lodestar and

8  application of a modest multiplier well within the range of multipliers the Ninth Circuit

9  typically awards.

10       For these reasons, the Hallerberg objection is overruled.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[REVISED PROPOSED] ORDER GRANTING     -10-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

IV.     **INCENTIVE AWARDS FOR THE NAMED PLAINTIFFS ARE APPROPRIATE**

Plaintiffs request service payments of $3,500 each for the Class Representatives: Grays Harbor Adventist Christian School, Greg G. Bogdanovich, Mary Laforest, Bruce Kelly, Mark Neuser, Arlan Hinkelmann, Marcia Hinkelmann, Jeff Dougherty, Frank Zinn, Harvey Opaleski, and James Nogosek.  The trial court has discretion to award incentives to the class representatives.  *Mego Fin'l Corp. Sec. Litig. v. Nadler*, 213 F.3d 454, 463 (9th Cir. 2000).  The criteria that courts have considered when determining whether to make an incentive award and the amount of the award include: (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation.  *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299 (N.D.Cal. 1995); *see also Manual for Compl. Litig.* at § 21.62 fn. 971 (2004) (enhancement payments may be "warranted for time spent meeting with class members, monitoring cases, or responding to discovery").

Here, the record indicates that the Class Representatives contributed to the litigation by: (1) assisting counsel with the preparation of the complaint and amended complaints; (2) producing relevant documents and responding to other written discovery; (3) providing their furnaces for inspection; (4) staying abreast of the settlement negotiations; and (5) providing deposition, summary judgment, and class certification testimony.[6]  In light of these facts, the

---

[6] (*See* Declarations of Bogdanovich, Brenton, Kelly, Laforest, Nogosek, Dougherty, Opaleski, Zinn, Neuser, and Hinkelmann.)

[REVISED PROPOSED] ORDER GRANTING          -11-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1 | Court finds that each Class Representative's contribution to the litigation and Settlement

2 | process was sufficient to warrant an incentive payment award.

3 |      When compared to service awards in other cases, the $3,500 payments requested here

4 | are modest.[7]  In light of the Class Representatives' efforts and the risks undertaken to obtain the

5 | Settlement for the Class—and the fact that no Class Member has objected to the service

6 | payments—the Court hereby approves the payment of $3,500 each to Plaintiffs Grays Harbor

7 | Adventist Christian School, Bogdanovich, Brenton, Kelly, Laforest, Nogosek, Dougherty,

8 | 

9 | Opaleski, Zinn, Neuser, and Hinkelmann.

10 |                  *               *               *

11 |      Due and adequate notice having been given to the Class as required in this Court's

12 | November 20, 2007 Preliminary Approval Order, and the Court having considered all papers

13 | filed and proceedings had herein, and otherwise being fully informed, and good cause

14 | appearing therefore,

---

[7] *See, e.g.*, *Carroll v. Blue Cross & Blue Shield of Mass.*, 157 F.R.D. 142, 143 (D. Mass. 1994), *aff'd* 34 F.3d 1065 (1st Cir. 1994) ("the class representatives shall receive payments of $7,500 each as compensation for services rendered to the class in initiating and prosecuting this action"); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985) (stating "the propriety of allowing modest compensation to class representatives seems obvious," and awarding $20,000 to two named class representatives).  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving service awards of $5,000 from a total settlement of $1,725,000); *Razilov v. Nationwide Mutual Ins.  Co.*, No. 01-CV-1466-BR., 2006 WL 3312024, *3-*4 (D. Or. Nov. 13, 2006) (approving $10,000 award to each class representative).

[REVISED PROPOSED] ORDER GRANTING    -12-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008

1    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

2        1.      This Court hereby finds and concludes that due and adequate notice was

3    directed to all persons and entities who are Class Members, advising them of Class Counsel's

4    intent to seek attorneys' fees and expenses, and of their right to object thereto.[8]

5        2.      A full and fair opportunity was accorded to all such persons and entities to be

6    heard with respect to the Fee Application.

7        3.      The Court hereby grants Class Counsel's request for reimbursement of

8    $1,590,583.75 in out-of-pocket costs, plus attorneys' fees in the amount of $8,359,416.25, for

9    a combined total of $9.95 million. The fee award represents a modest 1.24 multiplier on Class

10   Counsel's actual lodestar, which amounts to $6,752,008.25 for work performed in this case to

11   date.[9] A percentage-of-the-fund cross-check analysis confirms that the requested fee is

12   reasonable.

13       4.      In addition to any relief they may receive under the Settlement Agreement, the

14   Court approves payment of a $3,500 stipend to each of the Class Representatives: Grays

15   Harbor Adventist Christian School, Greg G. Bogdanovich, Mary Laforest, Bruce Kelly, Mark

16   Neuser, Arlan and Marcia Hinkelmann, Jeff Dougherty, Frank Zinn, Harvey Opaleski, and

17   James Nogosek. As provided in the Settlement Agreement, Carrier shall pay the Court-

18   approved stipend to Class Counsel, in trust for the Class Representatives, within 15 business

19   days after final disposition of any appeals arising from this Order or this Court's concurrent

20   Order Granting Final Approval of Class Action Settlement.

21       5.      The awarded attorneys' fees and costs, plus interest earned per the Settlement

22   Agreement, shall be transferred into an account designated by Class Counsel for the benefit of

23   Class Counsel upon entry of this Order subject to the terms, conditions and obligations of the

24   Settlement Agreement which terms, conditions and obligations are incorporated herein. The

25

---

[8] (*See generally*, Declaration of Shannon R. Wheatman.)
[9] (*See* Declarations of Selbin ¶ 9, Stephens ¶ 21, Pines ¶ 25, and Woodward ¶ 6.)

[REVISED PROPOSED] ORDER GRANTING         -13-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
TEL: 415-956-1000 • FAX: 415-956-1008

1  payment of the awarded fees and costs is conditioned on the Stipulated Undertaking for

2  Repayment of Attorneys' Fees and Costs and Order submitted with Plaintiffs' Motion for

3  Preliminary Approval.  The Stipulated Undertaking for Repayment of Attorneys' Fees and

4  Costs and Order has been signed by the parties thereto and is hereby ordered

5  contemporaneously with the award of attorneys' fees and reimbursement of expenses.

6        6.        The awarded fees and expenses shall be directed to Class Counsel for

7  distribution in a manner that reflects each firm's contribution to the initiation, prosecution and

8  resolution of this litigation.  The Court authorizes the co-lead counsel firms of Tousley Brain

9  Stephens PLLC and Lieff Cabraser Heimann & Bernstein, LLP to allocate the fee award among

10  the Class Counsel firms.

11       7.        Without affecting the finality of this Order, the Court reserves continuing and

12  exclusive jurisdiction over parties to the Settlement Agreement to settle any disputes related to

13  the allocation of the costs and fees awarded by this Order.

14       IT IS SO ORDERED.

15       DONE IN OPEN COURT this 24TH day of April, 2008.

16

17                                        RONALD B. LEIGHTON
                                          UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

[REVISED PROPOSED] ORDER GRANTING        -14-
ATTORNEYS' FEES AND COSTS AND
SERVICE AWARD TO THE NAMED PLTFS
CASE NO. 05-5437RBL
758363.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
TEL: 415-956-1000 * FAX: 415-956-1008